EMMA MONROE CARTER et al.

Appellants from Decree of Judge of Probate.

Knox. Opinion October 13, 1913.

*Amendment. Appeal. Bond. Decree. Exceptions. Motion. Reasons for Appeal. Revised Statutes, Chapter 65, Section 29. Motion.*

1.  A probate appeal is not a common law procedure. It is a matter of statutory prescription and gives no latitude for construction as the language is plain and unambiguous.

2.  In this State, it is well settled that an instrument, although purporting to be a bond, not sealed, cannot be regarded as a bond in contemplation of Revised Statutes, chapter 65, section 29.

3.  The appeal bond which had no seals upon it cannot be amended by adding seals to it, because to permit the addition of seals to a bond filed by the appellants would be equivalent to allowing them to file a new bond.

On exceptions by appellants. Decree below affirmed with additional costs.

This is an appeal from the decree of the Judge of Probate for the County of Knox to the April Term of Supreme Judicial Court, 1913, admitting to probate the will of Harriet A. Monroe. At the January Term, 1913, of the Supreme Judicial Court for Knox County, leave was granted to enter an appeal from the decree complained of. The appellants took their appeal on February 1, 1913, and filed their appeal and reasons therefor on March 1, 1913. The appellants also filed an instrument in the form of a bond, which had no seals upon it, dated February 24, 1913.

At the hearing in the Supreme Judicial Court at the April Term, 1913, the Justice presiding ordered and decreed that the appeal be dismissed. To this decree, the appellants excepted.

The case is stated in the opinion.

*Coggan & Coggan,* for appellants.

*R. I. Thompson,* for executor.

SITTING: SPEAR, CORNISH, KING, BIRD, PHILBROOK, JJ.

SPEAR, J.  The case is stated in the ruling of the presiding Justice as follows:

In this case, which is an appeal from the probate of a will, leave was granted to these appellants, at the January Term, 1913, of this court, to take and enter an appeal from the decree complained of. No conditions were named, nor terms imposed.  No time was fixed within which the appeal should be taken.  No bond was in terms required, and it follows that no penal sum for the bond, nor time for filing the same was fixed.

The appellants took their appeal, dated February 1, 1913, and on March 1, 1913, the appeal and reasons for appeal were ordered to be filed and recorded, by the Judge of Probate for this county. The appellants also filed an instrument in the form of an appeal bond in the penal sum of two hundred dollars.  This instrument was dated February 24, 1913.  There were no seals upon it, but it was approved by the Judge of Probate on March 1, 1913.

The appeal was taken to the April Term of this court, and notice thereof was served on the executor named in the will and other interested parties, on March 10, 1913.

The appeal was entered on the first day of this term.  On the same day the executor filed an objection to the entry of the appeal, on the ground that the appellants had filed no appeal bond; and on the same day the executor filed a motion to dismiss the appeal, on the ground that it did not "appear from said alleged appeal that any lawful appeal was taken from the decree of said Judge of Probate for said county as required by law, nor within the time required by law."

On the second day of this term, the appellants filed their motion for leave to amend their appeal by affixing seals to the signatures on the instrument, filed as an appeal bond, or by filing a new bond, "upon such conditions as the court may order."  This motion was overruled.

To this ruling the case comes up on exceptions.  We think the ruling was right.  A probate appeal is not a common law procedure. It is a matter of statutory prescription and gives no latitude for construction, as the language is plain and unambiguous.  R. S.,

chapter 65, section 29, relating to the requirements of probate bonds in case of appeal provides as follows: "Within the time limited for claiming an appeal, the appellant shall file, in the probate office, his bond to the adverse party, or to the judge of probate for the benefit of the adverse party, for such sum and with such sureties, as the Judge approves; conditioned to prosecute his appeal with effect."

It is sufficient to say that this statute is clear and plain and means precisely what it says. Within the time limited for filing an appeal, which means at or before the appeal is entered, the appellant must file a bond in order to make the appeal effective. While in the present case the appeal was entered by leave of court, under section 30, it was, nevertheless, a probate appeal "to be entered and prosecuted with the same effect as if it had been seasonably done." That is, there is no difference in the procedure in an appeal from the Probate Court, whether entered directly from that court or by leave of the Supreme Court, and no reason seems to appear why there should be any difference. All the proceedings in the prosecution of the appeal in the two cases are alike and under the same statutes; and the bond required is for precisely the same purpose. Entry by leave of court was not intended to enlarge the rights of the appellant. Accordingly, section 29 applies to the present appeal, although entered by leave of court. By virtue of this statute, a bond was required to be filed before or at the time of entering the appeal.

At this juncture of the proceedings two questions arise: (1) Was a bond filed in accordance with the requirements of the statutes? (2) If not, was the instrument purporting to be a bond, amendable? Upon the first inquiry it may be said that it seems to be well settled in this State that an instrument, although purporting to be a bond, if not sealed, cannot be regarded as a bond in contemplation of the above statute. *Boothbay* v. *Giles,* 68 Maine, 160; *Warren* v. *Lynch,* 5 Johns, 238. For the decisive effect of a seal, or want of one, see *Wheeler* v. *Nevins,* 34 Maine, 54; *Wing* v. *Chase,* 35 Maine, 260; *Baker* v. *Freeman,* 35 Maine, 485.

Upon this proposition the conclusion is plain that the instrument filed by the appellants with their appeal, although in all other respects formal, but lacking a seal, was not a bond under the statute, and, if the case stopped here, would render the appeal void. But

the appellants moved to amend the bond by adding seals. This brings us to the second proposition, was the amendment allowable? We think not. It is contended, however, by the appellants that R. S., chapter 84, section 10, providing for amendments, is sufficiently broad to include an amendment to a bond in a probate appeal by permitting the addition of seals. But to permit the addition of seals to a bond filed by the appellants would be equivalent to allowing them to file a new bond, inasmuch as the addition of seals would make a new contract between the obligors and the sureties in the bond, and the obligee. *Wheeler* v. *Nevins,* 34 Maine, 54; *Wing* v. *Chase,* 35 Maine, 260; *Baker* v. *Freeman,* 35 Maine, 485.

The filing of a proper bond is a condition precedent to the entry of an effective probate appeal; an instrument without seals, although perfect in all other respects, is not a bond under the requirements of the statute; the bond in the present appeal was not sealed. It therefore follows that the appeal was not effective; consequently no appeal was pending in the Supreme Court of Probate in which an amendment of the bond could be offered. In *Moore* v. *Phillips,* 94 Maine, 421, it is said: "The statute has prescribed the conditions upon which an appeal may be claimed, and until these have been complied with, no right of appeal exists and no appeal can be entertained in the appellate court. In the hearing of a probate appeal the first duty of the appellant is to establish his right to appeal."

For the reasons above stated, the entry should be,

*Decree below affirmed*
*with additional costs.*