LAND, J.
This is a suit to set aside and annul the result of an election held on June 12, 1912, for the purposes of levying an acreage tax of 25 cents per acre on all the lands in the First drainage district of the Eighth ward of the parish of Lafayette.
Ten persons, representing an assessment of $7,013, voted for the - tax, and four persons, representing an assessment of $5,618, were counted against the tax, and one vote cast against the tax was excluded because not signed by the voter. The total assessment of lands, improvements, and personal property within the limits of said drainage district amounted to $36,872, and the area included 2,632 acres.
Plaintiffs, as taxpayers and landowners *872 in said district, assailed the said election on eight different grounds.
There was judgment for the defendant, and the plaintiffs have appealed.
We shall consider, in their order, the grounds of nullity as discussed in the brief of counsel for the plaintiffs.
[1] That only landowners should have been permitted to vote and they should have voted the acreage instead of the value of the lands, and personal property should not have been voted.
Article 281 of the Constitution of 1898, as amended in the year 1910 (see Act No. 197 of 1910), authorized drainage districts to incur debt and issue negotiable bonds therefor, “when authorized to do so, by a vote of a majority in number and amount of the property taxpayers, qualified to vote under the Constitution and laws of this state, who vote at an election held for that purpose,” and also authorized drainage districts to levy and assess annual contributions or acreage taxes on all lands situated in such districts, not to exceed 50 cents per acre, when authorized by a vote of a majority of the taxpayers as above provided, and also authorized drainage districts, where the land is such that it must be levied and pumped in order to be drained and reclaimed, to levy acreage taxes “upon the petition of not less than a majority in acreage of the property taxpayers, resident and nonresident, in the area to be affected,” not to exceed $3.50 per acre.
The last provision has no application to the instant case; and there is no rule of construction by which the term “property taxpayers” can be restricted to owners of real estate. It is well known that in the constitutional scheme of special taxes for public works and improvements personal property bears its just proportion of taxation on the theory of common benefit to all classes of property. Under the first paragraph of article 281 all kinds of property may be taxed up to ten mills for drainage purposes. The acreage tax provided for in the third paragraph is an additional tax for the same purpose. The framers of that article, in their wisdom, deemed it proper to leave the question of the levy of such taxes to the same body of electors, and might have authorized the levy of the same by the board of drainage commissioners without consulting the property taxpayers.
[2] The next complaint of plaintiff is that certain nowesident women taxpayers were not permitted to vote at the election. Under article 281, the voter must be not only a property taxpayer but “qualified to vote under the Constitution and laws of this state.” This court has already held that under article 270 of the Constitution “the qualification of the woman voter is that she be a taxpayer and a resident and be over 21 years old.” Tolson v. Police Jury, 119 La. 218, 43 South. 1011, 12 Ann. Cas. 847.
[3] The contention of plaintiff is based on the text of article 199 of the Constitution, wherein the word “article” was used, when the word “Constitution” was intended. The proper correction was made in article 199 of the Constitution of 1913. In the matter of voting, actual bona fide residence in this state, parish, and precinct is imperatively required by article 197 of the Constitution.
Act 256 of 1910 properly restricted the right to vote to women resident taxpayers.
Evidence offered to show that the defendant had improvidently wasted its revenues from a former tax was properly ruled out as immaterial and irrelevant.
Other grounds of nullity set up in the per tition, but not discussed in plaintiffs’ brief, seem to us to be without merit.
Judgment affirmed.