## CLINT v. HOUSTON ICE & BREWING CO.

(Supreme Court of Texas.    Dec. 22, 1913.)

CORPORATIONS (§ 566*) — INSOLVENCY — RECEIVERS—MORTGAGE LIENS—DISPLACEMENT—COSTS AND EXPENSES OF RECEIVERSHIP.

Where receivership proceedings were instituted against a corporation on a junior mortgage, and the holder of the first mortgage was not a party, the court could not lawfully postpone the prior lien to expenses and costs of the receivership; there being no proof that the corporation was a public one, and that its continued operation was necessary for the convenience of the public.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2283–2286; Dec. Dig. § 566.*]

Appeal from Court of Civil Appeals of Fourth Supreme Judicial District.

Suit between the Houston Ice & Brewing Company and W. B. Clint, as receiver. An order granting a temporary injunction restraining the receiver from selling the property of the Ice & Gin Company of Harlingen, Tex., was reversed and remanded, with instructions on the appeal of the Brewing Company, and the receiver applies for a writ of error. Denied.

See, also, 159 S. W. 409.

BROWN, C. J. This application for writ of error is refused because it does not appear from the facts stated that the Ice & Gin Company of Harlingen was a public corporation; therefore it was not permissible for the court to postpone the prior lien of the Houston Ice & Brewing Company to the expenses and costs of the receivership sued out in this case. We have thought it prudent to make this statement lest our refusal of the writ of error might be understood to overrule Ellis v. Water Co., 86 Tex. 109, 23 S. W. 858, in which this court held that the prior mortgage or lien could be postponed in favor of the expenses of operating a water company upon the ground that a water company was a public corporation, because it was necessary to operate the plant for the convenience of the population of a town.

There is no conflict in the decision which we make in this case and the case above cited.