HENRY M. JONES, et als., *vs.* CITY OF PORTLAND.

Cumberland.    Opinion February 27, 1915.

*Bill in Equity. Constitution of Maine, Art. I, Sec. 21. Constitution of United*
*States, Fourteenth Amendment, Art. I. Injunction. Municipal*
*Fuel Yard. R. S., Chap. 79, Par. VI, Cl. II, R. S.,*
*Chap. 4, Sec. 87.*

The reasons urged in this case in support of the bill were fully considered by this
court in *Laughlin* v. *City of Portland,* 111 Maine, 486, and upon the authority
of that case, *held,* that the statute in question, and the acts of the city set forth
in the bill, are valid and not in violation of the fourteenth amendment to the
Constitution of the United States.

On report.    Demurrer sustained.    Bill dismissed with costs.

This is a bill in equity, praying for an injunction restraining and
enjoining the city of Portland from establishing a permanent munici-
pal fuel yard, and is brought by taxable inhabitants of said city,
under R. S., Chap. 79, Par. VI, Cl. 11.    The defendants demurred to
said bill.    Upon a hearing in the above entitled cause, the Justice
hearing the same being of opinion that questions of law are involved
of sufficient importance and doubt to justify the same, and the
parties agreeing hereto, hereby reported this cause to the next term of
the Law Court to be held at Portland, Maine:    The bill of complaint
and the demurrer thereto to make the report of said cause.

The case is stated in the opinion.

*Eben Winthrop Freeman,* for complainant.

*Carroll S. Chaplin,* for respondent.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON,
PHILBROOK, JJ.

HALEY, J.    This is a bill in equity, praying for an injunction
against the city of Portland, restraining and enjoining the city from
establishing a permanent municipal fuel yard, brought by the plain-
tiffs, taxable inhabitants of said city, under the provisions of R. S.,

Chap. 79, Par. VI, Cl. 11, which authorizes this court to restrain and enjoin, upon petition or application of not less than ten taxable inhabitants of counties, cities, school districts, villages or other public corporations who, for a purpose not authorized by law, vote to pledge their credit or to raise money by taxation, or to exempt property therefrom, or to pay money from their treasury, or if any of their officers or agents attempt to pay out money for such purpose.

The bill sets forth Sec. 87, Chap. 4, R. S., which provides that any city or town may establish and maintain within its limits, a permanent wood, coal and fuel yard, for the purpose of selling, at cost, wood, coal and fuel to its inhabitants; that on February 4th, 1913, the City of Portland voted that it establish and maintain, within its limitation (limits), a permanent wood, coal and fuel yard for the purpose of selling, at cost, wood, coal and fuel to its inhabitants, and that the money necessary for such purpose be raised by taxation; that the common council of said city, at a legal meeting thereof, passed said vote; that the board of aldermen of said city, at a legal meeting thereof, passed said vote; and the mayor of said city, February 4th, 1913, approved said vote; that February 4th, 1913, the said city voted to appropriate the sum of one thousand dollars to be devoted to carrying out the purposes of said vote; that the common council of said city, and the board of aldermen of said city, at a legal meeting passed said vote to appropriate the monies aforesaid, and that said vote to make the appropriation aforesaid was duly approved by the mayor of said city, and that it is the intention of said city to do all and singular the several acts contemplated by said vote, for the purposes therein set forth.

The principles of law relied upon by the plaintiffs were considered by the court in *Laughlin* v. *City of Portland*, 111 Maine, 486, which was a bill in equity asking for the same relief that the plaintiffs ask for in this bill, and involved the same statutes and votes of the city. In *Laughlin* v. *City of Portland*, supra, the plaintiff urged that the proposed action of the city was in violation of the Constitution of Maine, Art. I, Sec. 21, which provides that "Private property shall not be taken for public uses without just compensation; nor unless the public exegencies require it." In this case the plaintiffs urge that the proposed action of the city is in violation of the provisions of section 1 of the fourteenth article of amendment to the Constitution of the United States; that the section of the statute authorizing

cities and towns to establish municipal fuel yards, and the votes of the city of Portland establishing a municipal fuel yard and appropriating money for the purpose of so doing, are repugnant to said section 1 of the fourteenth amendment to the ·Constitution of the United States. The reasons urged in this case, in support of the bill, were fully considered by the court in *Laughlin* v. *City of Portland,* supra, and upon the authority of that case we must hold that the statute in question, and the acts of the city set forth in the bill, are valid, and not in violation of the fourteenth amendment to the Constitution of the United States.

> *Demurrer sustained.*
> *Bill dismissed with costs.*