# CENTRAL LUMBER COMPANY v. THE CITY OF WASECA AND OTHERS.[1]

## May 19, 1922.

## No. 22,778.

**Municipal coal and wood yard not unconstitutional.**

1. The establishment of a municipal coal and wood yard is a public purpose; and the home rule charter of Waseca, authorizing it, does not violate the state Constitution providing that taxes shall be levied and collected for public purposes, nor the Fourteenth Amendment.

**Injunction against enforcement of weighing ordinance.**

2. There was no error in denying a temporary injunction against the enforcement of a weighing ordinance of the city upon the ground that it was arbitrary or unreasonable or otherwise invalid.

Action in the district court for Waseca county to enjoin the city of Waseca from establishing and operating a municipal coal and wood yard. From an order, Childress, J., denying a temporary injunction, plaintiff appealed. Affirmed.

*Henry M. Gallagher,* for appellant.

*Joseph N. Moonan,* for respondents.

DIBELL, J.

This is an action to enjoin the city of Waseca from establishing and operating a municipal coal and wood yard, and from enforcing a weighing ordinance. The trial court denied a temporary injunction and the plaintiff appeals. The questions are:

(1) Whether the establishment of a municipal coal and wood yard is a public purpose for which taxes may be levied.

(2) Whether the weighing ordinance is arbitrary and unreasonable or otherwise invalid so that a temporary injunction against its enforcement should issue.

[1]Reported in 188 N. W. 275.

1. The charter in apt terms authorizes the city council "to establish and operate a municipal coal and wood yard and to purchase coal, wood and fuel and sell the same at retail to the inhabitants of the said city," etc. The project is financed by taxation. The claim of the plaintiff is that the charter provision is unconstitutional. Section 1 of article 9 of the Constitution provides that taxes "shall be levied and collected for public purposes." The due process provision of the Fourteenth amendment of the Federal Constitution, although the amendment does not mention taxes, inhibits their imposition for private purposes. Green v. Frazier, 253 U. S. 233, 40 Sup. Ct. 499, 64 L. ed. 878. The principle is fundamental in government that the power of taxation, though unrestrained in terms, cannot be exercised for other than a public purpose.

The question is whether the establishment of a municipal coal and wood yard is a public purpose. The constitutional validity of the charter is presumed. It is to be assumed that in framing their charter the people were informed of conditions, such as the sources of supply, the ability and disposition of dealers to care for local demands, and other relevant factors affecting the situation, and found that public necessities and conveniences were such that the establishment of a municipal fuel yard was a public purpose. They have the responsibility of their finding and the wisdom or folly of the policy which they authorize. Their determination of public purpose is not final. It is accorded weight; but finally the court must determine as a judicial question whether the purpose for which taxes are exacted is public.

Economic and industrial conditions are not stable. Times change. Many municipal activities, the propriety of which is not now questioned, were at one time thought, and rightly enough so, of a private character. The constitutional provision that taxes can be levied only for public purposes remains; but conditions which go to make a purpose public change.

In our judgment the establishment of a municipal fuel yard is a public purpose. It was so held in Laughlin v. City of Portland, 111 Me. 486, 90 Atl. 318, 51 L. R. A. (N. S.) 1143, Ann. Cas. 1916C, 734, upon thorough consideration, and again in Jones v. City of

Portland, 113 Me. 123. The latter case was under review in Jones v. City of Portland, 245 U. S. 217, 38 Sup. Ct. 112, 62 L. ed. 252, L. R. A. 1918C, 765, Ann. Cas. 1918E, 660, and it was sustained against the claim of a violation of the Fourteenth amendment. The court said [at page 225]:

"We see no reason why the state may not, if it sees fit to do so, authorize a municipality to furnish heat by such means as are necessary and such systems as are proper for its distribution. Heat is as indispensable to the health and comfort of the people as is light or water. In any event we are not prepared to say that when a state authorizes a municipality to tax with a view to providing heat at cost to the inhabitants of the city, and that purpose is declared by the highest court of the state to be a public one, the property of a citizen who is taxed to effect such purpose is taken in violation of rights secured by the constitution of the United States."

There are cases opposed to the conclusion which we adopt. Baker v. Grand Rapids, 142 Mich. 687, 106 N. W. 208; Opinion of Justices, 155 Mass. 598, 601, 30 N. E. 1142, 15 L. R. A. 801; 182 Mass. 605, 66 N. E. 25, 60 L. R. A. 592. Excellent discussions of the general principle and of the conflicting cases are had in the cases cited; in Holton v. Camilla, 134 Ga. 560, 68 S. E. 472, 31 L. R. A. (N. S.) 116, 20 Ann. Cas. 199, upholding as public the establishment of a municipal ice plant; and in State v. Orear, 277 Mo. 303, 210 S. W. 392, and Union Ice & Coal Co. v. Town of Ruston, 135 La. 898, 66 South. 252, L. R. A. 1915B, 859, Ann. Cas. 1916C, 1274, holding the establishment of such a plant not a public purpose. We follow the holding of the Maine cases without further discussion.

2. The denial of a temporary injunction against the weighing ordinance does not call for serious comment. That a weighing ordinance may be enacted was held in State v. Eck, 121 Minn. 202, 141 N. W. 106, Ann. Cas. 1914C, 678. The showing of invalidity is not such as to require, even if it would justify, a temporary injunction.

Order affirmed.