## CITY OF DENTON et al. v. DENTON HOME ICE CO.

**Motion No. 8780; {252—5368.**

Commission of Appeals of Texas, Section A.
April 23, 1930.

T. B. Davis, City Atty., of Denton, and Cofer & Cofer, of Austin, for appellants.

Brent C. Jackson and George M. Hopkins, both of Denton, for appellee.

Royston & Rayzor, of Houston, amicus curiæ.

CRITZ, J.

In our original opinion we held, in effect, that ice was a public utility. On more mature consideration of the question here certified we have reached the conclusion that it is not necessary to a decision of this case to decide whether ice is a public utility within the common acceptation or meaning of that term. We therefore withdraw our original opinion herein and substitute the following in its place:

## Substituted Opinion.

Our original opinion in this case is published in (Tex. Com. App.) 18 S.W.(2d) 606. The certificate of the Court of Civil Appeals is there set out in full, and in the interest of brevity we refer thereto for the certificate.

The question certified by the Court of Civil Appeals is as follows:

"Whether the City of Denton, under the foregoing statements, in lawful ways may provide the means, and therewith build, establish, and operate an ice plant, and supply the inhabitants of Denton with ice at a reasonable rate?"

The answer to the question certified involves a proper construction, and interpretation of the following statutes of this state, and charter provisions of the city of Denton:

### Statutes.

Article 1175, R. C. S. of Texas, provides:

"*Enumerated powers*—Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among the other powers that may be exercised by any such city the following are hereby enumerated for greater certainty: * * *

"14. To manufacture its own electricity, gas, or anything else that may be needed or used by the public; to purchase and make contracts with any person or corporation for the purchasing of gas, electricity, oil or any other commodity or article used by the public and to sell the same to the public upon such terms as may be provided by the charter."

Article 1176, R. C. S. of Texas 1925, reads as follows:

"The enumeration of powers hereinabove made shall never be construed to preclude, by implication or otherwise, any such city from exercising the powers incident to the enjoyment of local self-government, provided that such powers shall not be inhibited by the State Constitution."

### Charter Provisions.

"Article II.

"Section 1. The enumeration of powers made in this Charter shall never be construed to preclude the City of Denton, by implication or otherwise, from exercising all the powers incident to the enjoyment of local self-government nor to do any and all things not inhibited by the Constitution and laws of the State of Texas; and all powers heretofore granted or that may hereafter be granted by general or special laws are hereby preserved to the City of Denton."

"Article V.

"Section 3. Should the City of Denton determine to acquire any public utility by purchase, condemnation or otherwise, said City shall have the power by ordinance to obtain funds for the purpose of acquiring said public utility and paying the purchase price therefor by issuing bonds and shall have the power to secure said bonds by fixing a lien upon the property so acquired and said lien shall apply only to the property so pledged."

"Article VII.

"Section 2. No exclusive franchise or privilege shall ever be granted by the City of Denton."

"Section 3. The City of Denton shall forever have the right to purchase, own, control and operate any and all public utilities and hereby forever forbids the sale of same except on approval by popular vote."

An examination of subdivision 14 of article 1175, supra, shows that a home-rule city is expressly given the right and authority to manufacture "*its own electricity, gas or anything else that may be needed or used by the public.*" If ice is a thing "*needed or used by the public*" within the meaning of subdivision 14 of article 1175, supra, then the city of Denton, as a home-rule city, has express statutory authority to manufacture, distribute and sell ice.

The Legislature of this state has seen fit to mention by name numerous things that a home-rule city can do, but the Legislature, evidently taking into consideration the fact that it is well-nigh impossible by name to enumerate all the things "*needed or used by the public,*" has provided that such cities may manufacture "*anything else that is needed or used by the public.*" The Legislature has not seen fit to define the things "*needed and used by the public,*" because in the very nature of such things they must change to suit industrial inventions and developments, and to meet changing social and economic conditions. City of Tombstone v. Macia, 30 Ariz. 218, 245 P. 677, 46 A. L. R. 828. It can hardly be said, under our modern industrial, social, economic, and domestic conditions and customs, that ice is not a thing needed and used by the public. In fact it is now so generally needed and used that it is a public necessity. Ice is now used in practically every home, office, store, manufacturing plant, and by nearly all people under all circumstances and in all walks of life. It is a necessity for the well, as well as the sick, and even the most humble laborer while at work is usually furnished ice in his drinking water. In fact, under our modern conditions, ice is almost universally used by our people. This being the case, we think there can be no doubt but that ice is a thing "*needed and used by the public*" within the meaning and contemplation of subdivision 14 of article 1175, supra. We refer to the following authorities which we think directly or in principle support this view. Mutual Oil Co. v. Zehrung (D. C.) 11 F.(2d) 887; Consumers' Coal Co. v. City of Lincoln, 109 Neb. 51, 189 N. W. 643; Central Lumber Co. v. City of Waseca, 152 Minn. 201, 188 N. W. 275; City of Tombstone v. Macia, 30 Ariz. 218, 245 P. 677, 46 A. L. R. 828; Laughlin v. City of Port-

land, 111 Me. 486, 90 A. 318, Ann. Cas. 1916C, 784, 51 L. R. A. (N. S.) 1143, and annotations; Jones v. City of Portland, 113 Me. 123, 93 A. 41. The Jones Case, supra, was affirmed by the U. S. Supreme Court, 245 U. S. 217, 38 S. Ct. 112, 62 L. Ed. 252, L. R. A. 1918C, 765, Ann. Cas. 1918E, 660. We also refer to the authorities cited in the certificate which contain the above authorities and some others.

. ■ We therefore hold that the manufacture, distribution and sale of ice is so related to the necessities, health, and convenience of the inhabitants of the city and so generally used as to come within the meaning of subdivision 14 of article 1175, supra. In other words we hold that ice is "a thing needed and used by the public," within the contemplation of said statute.

■ Since the city of Denton is a home-rule city we further hold that under sec. I of article II of its charter above quoted, and under art. 1176, R. C. S. of Texas 1925, also above quoted, it has the right to exercise all powers incident to the enjoyment of local self-government not inhibited by the Constitution and laws of this state, and under the above provisions of its charter it has all powers heretofore granted or that may hereafter be granted to home-rule cities by general law. Also under article 1176, supra, the fact that the Legislature has enumerated certain powers by name, and has not seen fit to include the power to manufacture and sell ice among such named powers, does not, by implication, preclude the city from exercising such power; this by reason of the express provisions of the article last referred to.

■ ■ The action of the city in this case is characterized as socialistic and unwise. It is not within the province of this court to pass on the wisdom of the law or the wisdom of the city in exercising its powers thereunder. The power has been conferred on the city, and the statutes and charter provisions so conferring said powers are not in violation of the Constitution of the United States or of this state. Such being the case, the courts have no right to interfere.

We recommend that the motion for rehearing filed herein by Denton Home Ice Company, appellee, be in all things overruled, and that the question certified stand answered "yes," as recommended in our original opinion.

We further recommend that the original opinion be withdrawn and this opinion substituted in its stead.

CURETON, C. J.

On Rehearing. Opinion on rehearing adopted and ordered certified instead of the original opinion, and motion for rehearing overruled.