CITY OF DENTON v. DENTON HOME ICE COMPANY.

No. 5368. Decided April 23, 1930.
(27 S. W., 2d Series, 119.)

*T. B. Davis,* City Attorney of Denton, Texas, and *Cofer & Cofer,* for appellants.

The manufacture, sale and distribution of ice is a business affected with a public interest in a like category with gas as fuel and electric current and the supply of water, and municipally owned ice plants are justified and authorized by law. (1) States and decisions adhering to municipal ownership:

Georgia.—Ice cases: Holton v. Camilla, 134 Ga., 560, 68 S. E., 472, 31 L. R. A., (N. S.) 116; Saunders v. Mayor and Council of Arlington, 147 Ga., 581, 94 S. E., 1022.

Arizona.—Ice case: City of Tombstone v. Macia (1928), 245 Pac., 677.

Maine.—Fuel cases: Laughlin v. Portland, 111 Me., 486, 90 Atl. 318, 51 L. R. A., (N. S.) 1145, Ann. Cases 1916C, 734; Jones v.

Portland, 113 Me., 123, 93 Atl., 41, affirmed by the Supreme Court of the United States in Jones v. Portland, 245 U. S., 217, 62 L. Ed., 252, L. R. A., 1918 C, 765, Ann. Cases, 1918 E, 660.

Minnesota.—Fuel case: Central Lumber Co. v. Waseca, 152 Minn., 201, 188 N. W., 275.

Nebraska.—Gasoline and oil municipal ownership of City of Lincoln under Home Rule statute upheld. Mutual Oil Co. v. Zehrung, 11 Fed., (2nd) 887.

*Brent C. Jackson* and *Geo. M. Hopkins,* for appellee.

The appellants, as a Municipal Corporation, are not authorized by either general laws of the State of Texas or the City Charter of the City of Denton, to engage in the business of manufacturing or selling ice, and any contract made for that purpose would be ultra vires and illegal. Article VIII, Section 3, Constitution of Texas; Articles 1108, 1119, 1302, 1528, sec. 17, Revised Civil Statutes of Texas; Foster v. City of Waco, 255 S. W., 1104; Van Valkenburgh v. Ford, 207 S. W., 405 (Aff. 288 S. W., 194); State v. Country Club, 173 S. W., 570; Williams v. Standard Oil Co., 49 Supreme Reporter, 115; Howard v. New York, 236 N. Y., 91, 140 N. E., 240; Opinion of Justices, Baker v. Grand Rapids, 142 Mich., 687, 106 N. W., 208; Union Ice Company v. Rushton, 135 La., 898, L. R. A., 1915 B, 859; State ex rel. Kansas City v. O'Rear, 210 S. W., 392.

The using of any public fund of the City of Denton for the purpose of engaging in the ice business, or the levying and collecting of any tax for such purpose, would be in violation of Article VIII, Sec. 3, of the Constitution of the State of Texas. City of Ottawa v. Carey, 108 U. S., 110, 27 Law Ed., 669; Union Ice Company v. Rushton, 135 La., 898, L. R. A., 1915 B, 859; State ex rel. Kansas City v. O'Rear, 210 S. W., 392.

The manufacture and sale of ice is not a public utility, and a municipality is precluded from engaging in such a business in any manner. Same authorities.

ON MOTION FOR REHEARING.

The honorable court erred in holding that the business of manufacturing and selling ice is a public utility. Van Valkenburg v. Ford, 207 S. W., 405; Clint v. Home Ice & Brewery Co., 169 S. W., 411; Williams v. Standard Oil Co., Vol. 49, Supreme Reporter, 115; Union Ice Co. v. Ruston, 135 La., 898; State ex rel. Kansas

City v. O'Rear, 210 S. W., 392; Arts. 1108, 1119, 1302, 1528, Rev. Statutes, 1925.

*Royston & Rayzor,* by permission of the court, filed briefs in support of the position of appellee.

A municipal corporation, like a private corporation, can exercise only such powers as have been specifically granted to it or such as are necessary to give effect to those powers specifically granted, or such powers as are necessarily or fairly implied in or incident to powers expressly granted. Foster v. City of Waco, 255 S. W., 1104; City of Ottawa v. Carey, 108 U. S., 110, 2 Sup. Ct. Rep., 361, 27 L. Ed., 669; Hill v. Memphis, 134 U. S., 198, 10 Sup. Ct. Rep., 562, 33 L. Ed., 887; Barnett v. Denison, 145 U. S., 135, 12 Sup. Ct. Rep., 819, 36 L. Ed., 652; Thomas v. Richmond, 12 Wall., 349, 20 L. Ed., 453; Merrill v. Monticello, 138 U. S., 673, 11 Sup. Ct. Rep., 441, 34 L. Ed., 1069.

The constitution and statutes of the State of Texas do not contain express grants to the City of Denton to construct, operate and maintain an ice plant, and the power to do so is not necessarily or fairly incident to any powers granted the City of Denton or essential to the accomplishment of the declared objects and purposes of the City of Denton. Revised Statutes of Texas, Arts. 1107, 1108, 1119, 1175, Sections 13 and 14, Art. 1302, Sections 15, 17, 88, Art. 1528.

The manufacture, sale and distribution of ice is not a business which has been so impressed with public use as to be a public utility within the meaning of law. Van Valkenburg v. Ford, 207 S. W., 405; Clint v. Home Ice and Brewing Company, 106 Texas, 508, 169 S. W., 411; Kansas City v. O'Rear, 210 S. W., 392; Union Ice Company v. Ruston, 135 La., 898, L. R. A., 1915 B, 859; Attorney General v. Detroit, 150 Mich., 310, 113 N. W., 1107; Opinion of Justices, 182 Mass., 605, 66 N. E., 25; King v. Waycross, 101 Ga., 588, 29 S. E., 42; State v. Kelly, 71 Kansas, 711, 70 L. R. A., 450; City of Ottawa v. Carey, 108 U. S., 110, 27 L. Ed., 669; White Eagle Oil and Refining Company v. Gunderson, 205 N. W., 614; Williams v. Standard Oil Company, U. S., 73 L. Ed., 141; Chas. Wolf Packing Co. v. Court of Industrial Relations of the State of Kansas, U. S., 67 L. Ed., 1103; Munn v. People of Ill., 94 U. S., 278, 24 L. Ed., 77; Terminal Taxicab Company v. Kutz, 241 U. S., 252, 60 L. Ed., 984.

CERTIFIED QUESTION.

(As stated in the original opinion of the Commission of Appeals, here withdrawn.)

The certificate very clearly and fully states the facts and issues here presented. It is as follows:

"Upon the verified petition of appellee, Denton Home Ice Company, the Honorable B. W. Boyd, Judge of a district court of Denton County, in vacation, on the 5th day of January, 1929, granted a temporary writ of injunction against the City of Denton, its mayor and councilmen, restraining them from building, maintaining or operating an ice plant in the City of Denton. The defendants filed their original answer presenting a plea in abatement, a general demurrer, special exceptions, a general denial and a special verified answer. Upon this answer defendants filed and presented their motion to dissolve the temporary writ of injunction. The judge first heard the plea in abatement, the general demurrer and exceptions, and overruled them. Upon a further hearing upon the pleadings and evidence submitted, the motion to dissolve was overruled and the injunction continued, and from the order overruling the motion to dissolve, this appeal has been duly prosecuted.

"In our further statement, we omit all reference to pleadings, evidence, and rulings of the court which relate to questions other than that certified, to wit: Whether it is lawful for the City of Denton to build, equip, own and operate a municipal ice plant?

"As pertinent to this question, the record discloses that the City of Denton is a city of over 5,000 inhabitants, operating under a charter and under the Home Rule Amendment and statutes applying to such cities. The appellants, other than the city, are the mayor, city secretary, and five commissioners of the City of Denton. The appellee is a private corporation engaged in the business of manufacturing and selling ice in the City of Denton, also is a large property taxpayer of said city and a large user of electric power and water furnished by the city. The city, acting by and through its mayor and other officials named, is threatening to build, establish, maintain, and operate a large plant for the manufacture and sale of ice and for the storage of the same in the City of Denton, and in furtherance of this plan is now threatening and have advertised for bids, to be opened at a designated date, for the construction of a large brick building intended to house ice and to be used as a site for said ice manufacturing and vending business.

"It was further alleged and shown that there was already three ice plants in said city producing and supplying sufficient ice to meet every necessity of the inhabitants. It is contended in behalf of appellants that the manufacture, sale, and distribution of ice is a business affected with a public interest in a like category with gas as fuel and electric current and the supply of water, and that municipally owned ice plants are justified and authorized by law. In support of this contention, appellants cite article 1175, Rev. Statutes of 1925, which enumerates powers of cities operating under the Home Rule Amendment, and Article 1302, secs. 15 and 88, which define the purposes for which private corporations may be created. Appellants further cite McQuillan on Municipal Corporations, Vol. 5, sec. 1158, page 77, and the following cases as upholding the right of municipalities to own and operate ice plants, towit: Oklahoma Light & Power Co. v. Corporation Commission, 220 Pac. 54; Holton v. Camilla, 68 S. E., 472; Saunders v. Mayor and Council of Arlington, 147 Ga., 581, 94 S. E., 1022; City of Tombstone v. Macia, 245 Pac., 677; Laughlin v. Portland, 111 Me., 486, 90 Atl., 318; Jones v. Portland, 113 Me., 123, 93 Atl., 41, affirmed by the Supreme Court of the United States in Jones v. Portland, 245 U. S., 217, 38 Sup. Ct. Rep., 112; Central Lumber Co. v. Waseca, 152 Minn., 201, 188 N. W., 275; Mutual Oil Co. v. Zehrung, 11 Fed., (2d) 887; Municipal Fuel Yard Consumers Coal Co. v. City of Lincoln, 109 Neb., 51, 189 N. W., 643.

"A further contention of appellants is to the effect that if the statutes and decisions cited above do not establish the right of a municipality to own and operate an ice plant, it is nevertheless within the legislative power to determine that such business is so affected with a public interest as to make the same a public utility and that hence the City of Denton, as a Home Rule City, had the legislative power to declare the ice business contemplated by it affected with public interest so as to make the same a public utility, citing in support of this contention the charter provisions of the City of Denton, to the effect that the enumeration of powers in the charter shall not be construed to preclude the City of Denton, by implication or otherwise, from exercising all the powers incident to the enjoyment of local self-government, nor to do any and all things not inhibited by the Constitution and laws of the State of Texas; that all powers heretofore granted or that may hereafter be granted by general or special laws are hereby preserved to the City of Denton; that exclusive franchises or privileges are prohib-

ited; that the city shall forever have the right 'to purchase, own, control, and operate any and all public utilities'; and to purchase and regulate all franchises granted by said city, further citing the cases of Mutual Oil Co. v. Zehrung, 11 Fed., (2d) 890; Jones v. Portland, 245 U. S., 217, 62 Law. Ed., 252; Laughlin v. Portland, 111 Me., 486.

"In opposition to the contentions of appellants as above indicated, appellee insists upon the general proposition that municipal corporations are creatures of the statutes and can exercise only those powers expressly designated to it, or necessarily implied as an incident to those powers expressly granted, and that no statute or constitutional provision of Texas has. classified the ice business as a public utility, or as so affected with a public use as to authorize a municipality to do the things threatened in the present suit, citing in aid of this contention Foster v. City of Waco, 255 S. W., 1104; Gulf Bitulithic Co. v. Nueces County, 297 S. W., 752; State v. Country Club, 173 S. W., 570; State ex rel. Kansas City v. O'Rear, 210 S. W., 392; Union Ice Co. v. Ruston, 135 La., 898, L. R. A., 1915B, 859; Williams v. Standard Oil Co., by the Supreme Court, reported in Vol. 49, Supreme Court Reporter, 115, advance sheets, published February 1, 1929. Appellee also cites section 3, art. 8, of the Constitution, which provides that taxes shall be levied and collected by general laws and for 'public purposes only'; and also calls attention to article 1108, Rev. Statutes of 1925, which enumerates public utilities and which fails to include the manufacture and sale of ice in the list; and article 1119 which provides for the regulating of public utilities and which does not include the ice business, and other similar statutes inferentially negativing the proposition that the ice business is a public utility, including reference to the powers given municipalities to exercise the right of eminent domain; and the case of Van Valkenburgh v. Ford, 207 S. W., 405, in which it was held that the ice business was not one of the public utilities authorized to exercise the right of eminent domain. It may not be amiss to add that the opinions printed in pamphlet form with supporting authorities of Judge H. M. Garwood of Houston and Honorable Chas. L. Black of the Austin bar, which, together with the printed pamphlet containing the charter provisions of the City of Denton, submitted herewith, are referred to by the several contestants in this case. These opinions, as we are given to understand, were submitted to our Legislature in aid of an effort to clothe our railway commission with power to regulate the ice business.

Appellants cite the opinions in aid of their contention, while appellee refers to the fact, asserted, that the legislature failed to confer the power sought on the railway commission, thus indicating the legislative opinion that the ice business was not of such public use as to constitute it a public utility.

"Because of the wide interest in the question, the conflicting state of the decisions and because the construction of our statutes are involved, we deem it advisable, pretermitting all reference to other questions presented, to submit to your Honors for determination the vital question in this case, towit:

"Whether the City of Denton, under the foregoing statements, in lawful ways, may provide the means and therewith build, establish and operate an ice plant and supply the inhabitants of Denton with ice at a reasonable rate?'"

Mr. Judge CRITZ delivered the opinion of the Commission of Appeals, Section A, on appellee's motion for rehearing.

In our original opinion we held, in effect, that ice was a public utility. ˙ On more mature consideration of the question here certified we have reached the conclusion that it is not necessary to a decision of this case to decide whether ice is a public utility within the common acceptation or meaning of that term. We therefore withdraw our original opinion herein and substitute the following in its place.

### SUBSTITUTED OPINION.

Our original opinion in this case is published in 18 S. W., (2d) 606. The certificate of the Court of Civil Appeals is there set out in full, and in the interest of brevity we refer thereto for the certificate.

The question certified by the Court of Civil Appeals is as follows:

"Whether the City of Denton, under the foregoing statements, in lawful ways may provide the means, and therewith build, establish, and operate an ice plant, and supply the inhabitants of Denton with ice at a reasonable rate?"

The answer to the question certified involves a proper construction, and interpretation of the following statutes of this State, and charter provisions of the City of Denton:

### Statutes.

Article 1175, R. C. S. of Texas, provides:

"Enumerated Powers,—Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among

the other powers that may be exercised by any such city the following are hereby enumerated for greater certainty:

\* \* \* \* \* \*

"14. To manufacture its own electricity, gas, or anything else that may be needed or used by the public; to purchase and make contracts with any person or corporation for the purchasing of gas, electricity, oil or any other commodity or article used by the public and to sell the same to the public upon such terms as may be provided by the charter."

Article 1176, R. C. S. of Texas, 1925, reads as follows:

"The enumeration of powers hereinabove made shall never be construed to preclude, by implication or otherwise, any such city from exercising the powers incident to the enjoyment of local self-government, provided that such powers shall not be inhibited by the State Constitution."

*Charter Provisions.*

"Article II.

"Section 1. The enumeration of powers made in this Charter shall never be construed to preclude the City of Denton, by implication or otherwise, from exercising all the powers incident to the enjoyment of local self-government nor to do any and all things not inhibited by the Constitution and laws of the State of Texas; and all powers heretofore granted or that may hereafter be granted by general or special laws are hereby preserved to the City of Denton."

"Article V.

"Section 3. Should the City of Denton determine to acquire any public utility by purchase, condemnation or otherwise, said City shall have the power by ordinance to obtain funds for the purpose of acquiring said public utility and paying the purchase price therefor by issuing bonds and shall have the power to secure said bonds by fixing a lien upon the property so acquired and said lien shall apply only to the property so pledged."

"Article VII.

"Section 2. No exclusive franchise or privilege shall ever be granted by the City of Denton."

"Section 3. The City of Denton shall forever have the right to purchase, own, control and operate any and all public utilities and hereby forever forbids the sale of same except on approval by popular vote."

An examination of Sec. 14 of Art. 1175, supra, shows that a home rule city is expressly given the right and authority to manufacture *"its own electricity, gas or anything else that may be needed or used by the public."* If ice is a thing *"needed or used by the public"* within the meaning of Sec. 14 of Art. 1175, supra, then the City of Denton, as a home rule city, has express statutory authority to manufacture, distribute and sell ice.

The legislature of this State has seen fit to mention by name numerous things that a home rule city can do, but the legislature, evidently taking into consideration the fact that it is well nigh impossible by name to enumerate all the things *"needed or used by the public,"* has provided that such cities may manufacture *"anything else that is needed or used by the public."* The legislature has not seen fit to define the things *"needed and used by the public,"* because in the very nature of such things they must change to suit industrial inventions and developments, and to meet changing social and economic conditions. City of Tombstone v. Macia, 245 Pac., 677 (30 Ariz., 218). It can hardly be said, under our modern industrial, social, economic and domestic conditions and customs, that ice is not a thing needed and used by the public. In fact it is now so generally needed and used that it is a public necessity. Ice is now used in practically every home, office, store, manufacturing plant, and by nearly all people under all circumstances and in all walks of life. It is a necessity for the well, as well as the sick, and even the most humble laborer while at work is usually furnished ice in his drinking water. In fact, under our modern conditions ice is almost universally used by our people. This being the case we think there can be no doubt but that ice is a thing *"needed and used by the public"* within the meaning and contemplation of Sec. 14 of Art. 1175, supra. We refer to the following authorities which we think directly or in principle support this view. Mutual Oil Co. v. Zehrung, 11 Fed. (2d) 887; Consumers Coal Company v. City of Lincoln, 189 N. W., 643 (109 Neb., 51); Central Lumber Co. v. City of Waseca, 188 N. W., 275 (152 Minn., 201); City of Tombstone v. Macia, 245 Pac., 677 (30 Ariz., 218, 46 A. L. R., 828); Laughlin v. Portland, 90 Atl., 318, 51 L. R. A., (N. S.) 1143 and annotations (111 Me., 486); Jones v. Portland, 93 Atl., 41 (113 Me., 123); The Jones case, supra, was affirmed by the U. S. Supreme Court, 245 U. S., 217, 38 Sup. Ct. Rep., 112. We also refer to the authorities cited in the certificate which contain the above authorities and some others.

We therefore hold that the manufacture, distribution and sale of ice is so related to the necessities, health and convenience of the inhabitants of the city and so generally used as to come within the meaning of Sec. 14 of Art. 1175, supra. In other words we hold that ice is "a thing needed and used by the public," within the contemplation of said statute.

Since the City of Denton is a home rule city we further hold that under Sec. I of Art. II of its charter above quoted and under Art. 1176, R. C. S. of Texas, 1925, also above quoted, it has the right to exercise all powers incident to the enjoyment of local self government not inhibited by the Constitution and laws of this State, and under the above provisions of its charter it has all powers heretofore granted or that may hereafter be granted to home rule cities by general law. Also under Art. 1176, supra, the fact that the legislature has enumerated certain powers by name, and has not seen fit to include the power to manufacture and sell ice among such named powers, does not, by implication, preclude the city from exercising such power; this by reason of the express provisions of the article last referred to.

The action of the city in this case is characterized as socialistic and unwise. It is not within the province of this court to pass on the wisdom of the law or the wisdom of the city in exercising its powers thereunder. The power has been conferred on the city, and the statutes and charter provisions so conferring said powers are not in violation of the Constitution of the United States or of this State. Such being the case the courts have no right to interfere.

We recommend that the motion for rehearing filed herein by Denton Home Ice Company, appellee, be in all things overruled, and that the question certified stand answered "yes" as recommended in our original opinion.

We further recommend that the original opinion be withdrawn and this opinion substituted in its stead.

On Rehearing. Opinion on rehearing adopted and ordered certified instead of the original opinion, and motion for rehearing overruled.

*C. M. Cureton,* Chief Justice.