## CITY OF WACO v. THOMPSON.

### No. 2081.

Court of Civil Appeals of Texas. Waco.
March 30, 1939.

Rehearing Denied April 20, 1939.

224

Allan D. Sanford, City Atty., and Geo. W. Morrow and Mabel Grey Howell, Asst. City Attys., all of Waco, for appellant.

Bryan & Maxwell, of Waco, for appellee.

GEORGE, Justice.

This is a suit by Frank Thompson against the city of Waco to recover damages for personal injuries which he alleged he received as a direct result of the negligence of the city's employees. Judgment was rendered by the trial court on the jury's findings for Frank Thompson, and the city appealed.

Appellant contends (1) that the pleadings of appellee and the undisputed evidence show that appellant in constructing the storm sewer or drainage ditch was engaged in the performance of a purely governmental function; (2) that the trial court erred in sustaining appellee's exception to that portion of appellant's pleading, wherein it is alleged that the construction of a storm sewer was wholly outside of the corporate powers of appellant, either expressed or implied, and was therefore ultra vires; (3) that appellant is not liable for appellee's injuries because the bridge was removed by laborers on a Works Progress Administration project; (4) that appellant is not liable to appellee because there is no proof that appellant had actual notice that a portion of the barricades had been removed by third persons and the lights blown down by a storm; and (5) that the trial court erred in refusing to submit appellant's requested issues, seeking a finding as to whether appellee failed to exercise his faculties to discover the ditch at the time and on the occasion in question, and whether such failure was negligence, and such negligence a proximate cause of his injuries.

Appellee was injured as a result of driving his automobile into an open ditch on Faulkner's Lane at about 9:30 P. M., May 13, 1936. John Strange, city engineer, testified that his department prepared the plans and specifications for the construction of the storm sewer, located slightly outside the city limits; that J. C. Tate was city foreman on the job; that such plans and specifications were carried through and appropriations made by the city to pay for same; that the purpose of the storm sewer, or drainage ditch, was to keep surface water from running down and accumulating in East Waco at Elm street; that the plans and specifications called for the removal of the culvert where the accident occurred; that he knew that the culvert had been taken out, and that the city appropriated its share of the money for the construction. It was stipulated that the sewer was being constructed and completed by the city of Waco in conjunction with Works Progress Administration.

The jury found, among other things, that the storm sewer was being constructed by the city of Waco; that the bridge in question on Faulkner's Lane was caused to be removed by the city of Waco; that such removal was in preparation for the construction of such sewer; that the city of Waco failed to have a red light at the point where the bridge was out on Faulkner's Lane immediately prior to the time of the injuries to appellee; that such failure was negligence, and such negligence was the proximate cause of the injuries and damages to appellee; that the city failed to have a guard or watchman stationed at the point where the bridge was out at and immediately prior to the time of the injuries to appellee; that such failure was negligence and was a proximate cause of his injuries and damages; that appellant failed to have a guard rail on Faulkner's Lane and west of the point where the bridge was out at and immediately prior to the time of the injuries to appellee, and that such failure was negligence, and such negligence was a proximate cause of appellee's injuries and damages; that there was not any barricade at the intersection of Hood Street and Faulkner's Lane at the time and on the occasion in question; that a portion of the barricade at the intersection of Hood Street and Faulkner's Lane had been moved prior to the time of appellee's injury; that such portion of said barricade had been moved two weeks; and that the

moving of such portion of the barricade was not an intervening agency.

Two classes of general duty rest upon a city, one is governmental, and the city is not liable for negligence of agents and employees occurring in the performance thereof. The other is corporate. It is a matter of no little difficulty to define what are and what are not purely governmental duties of a city. To a very large extent these questions can only be settled by the facts of each particular case, so variant are the conditions under which this question arises. The governmental duties of a city are those given by the state to the city as a part of the state's sovereignty, to be exercised by the city in the interest of the whole public, living both in and out of the corporate limits. All else is corporate or proprietary duty, and for any negligence on the part of the agents and employees of the city in the discharge of any of the corporate duties of the city, the city is liable for all damages just as an individual would be. Storm sewers, as distinguished from sanitary sewers, are usually constructed in connection with the improvement of the streets of a city,— Art. 1086, Revised Civil Statutes of Texas; art. 1105b, Vernon's Ann.Civ.St., and Art. 238 of the Charter of the city of Waco,— for the purpose of providing to the abutting property, whether it be business or residential, adequate drainage, and the city is free to act in such matter as it might deem best for its own inhabitants. No suggestion is made in the pleadings of either of the parties or in the testimony that the storm sewer in question was being constructed in connection with any sanitary undertaking, but the pleadings and evidence do indicate that the storm sewer was being constructed by the city of Waco in conjunction with Works Progress Administration for the primary purpose of protecting its streets from overflow surface waters and elimination of interference with the use thereof and in particular Elm Street, on which business properties abut. For the above reasons, we are of the opinion that the city in constructing the storm sewer was not acting in the performance of its purely governmental function. City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57, par. 5; Galveston v. Posnainsky, 62 Tex. 118, 127, 50 Am.Rep. 519; White v. City of San Antonio, 94 Tex. 313, 60 S.W. 426; Ostrom v. City of San Antonio, 94 Tex. 523, 62 S.W. 909; City of Fort Worth v. Wiggins, Tex. Com.App., 5 S.W.2d 761; Jones v. City of Texarkana, Tex.Civ.App., 100 S.W.2d 198, pars. 1–3, writ dismissed; City of Panhandle v. Byrd, 130 Tex. 96, 106 S.W.2d 660, par. 3; City of Wichita Falls v. Sullivan, Tex.Com.App., 39 S.W.2d 882; City of Wichita Falls v. Mauldin, Tex.Com. App., 39 S.W.2d 859, pars. 3, 4 and 10; State v. Brannan, Tex.Civ.App., 111 S.W. 2d 347; City of Wichita Falls v. Phillips, Tex.Civ.App., 87 S.W.2d 544.

Appellant alleged that the construction of the storm sewer without the city limits was wholly outside its corporate powers, expressed or implied, and was therefore ultra vires. The trial court sustained an exception to this pleading on the ground that no facts were plead showing that such act was beyond the powers of appellant. Appellant's propositions Nos. 3 and 4 are founded upon the contention that the trial court erred in sustaining such exception. Ultra vires has two meanings. An act beyond the powers delegated to a municipal corporation by the Legislature is ultra vires in the primary sense; an act by a municipal officer which the corporation had the power to but did not in fact authorize him to commit is ultra vires in the secondary sense. 19 R.C.L., sec. 414, p. 1137. Appellant admits in its brief that it was authorized by Art. 271 of its charter and the provisions of the statutes (Arts. 1108, 1175 and 1176, Revised Civil Statutes, 1925, as amended, Vernon's Ann. Civ.St. arts. 1108, 1175, 1176) pertaining to home rule cities to construct storm sewers outside of its limits whenever its governing body deemed it necessary, and such admission is fully supported by the following authorities: Cameron v. City of Waco, Tex.Civ.App., 8 S.W.2d 249, pars. 10 and 16; City of Denton v. Denton Home Ice Co., 119 Tex. 193, 27 S.W.2d 119, 68 A.L.R. 866; Anderson v. Brandon, 121 Tex. 188, 47 S.W.2d 261; City of LaGrange v. Brown, Tex.Civ.App., 161 S.W. 8, par. 4. And since appellant's pleading asserted that the construction of the storm sewer by it was ultra vires in the primary sense, and since it admits in its brief that it had such power, and such admission is supported by the statutes, decisions of our courts and the provisions of its charter, no question is presented for determination. However, appellant had the right under its general denial to show, if it could, that the construction of the storm sewer outside

of the city limits was ultra vires in either the primary or secondary meaning of the term. But the record does not disclose that appellant was in any wise limited or restricted in the introduction of evidence on this matter, and for such reason the action of the court in sustaining the exception could not have constituted reversible error.

 The record discloses that the storm sewer was being constructed under the powers vested in appellant and for the purpose of relieving East Waco from overflow of surface waters; that the plans and specifications therefor were prepared by its engineer pursuant to its orders; that it was constructing same in conjunction with Works Progress Administration and that its governing body had appropriated its money to pay for its share of the cost of construction; that it had its foreman on the job, who was one of its regular employees and who was acting at the time under the instructions of its city engineer; that the plans and specifications called for the removal of the culvert where the accident occurred. These facts show that all the laborers on this job were performing work for appellant in the construction of the sewer and that the culvert was moved in compliance with the requirements of its plans and specifications and that the duty rested on it to use ordinary care to prevent injury and damage to anyone traveling Faulkner's Lane by reason of the removal of the culvert. City of Grandview v. Ingle, Tex.Civ.App., 90 S.W.2d 855.

The culvert or bridge across Faulkner's Lane was caused to be removed by appellant, and its agents in charge of the work knew of the removal. Under these facts, it was the duty of the city to have the excavation guarded or lighted at the time appellee drove into it. That duty was not performed by properly placing or causing to be properly placed two lighted lanterns there some two or three weeks prior to the date appellee received his injury and thereafter failing to cause such lanterns to be regularly serviced. It appears that the city did not cause the premises to be inspected to determine if the barriers were in place or if the lanterns needed any refueling or relighting.

The jury found, in response to issues properly submitted to them, that Faulkner's Lane at the time and place in question was not obviously dangerous; that the act of appellee in electing to travel along Faulkner's Lane at the time was not negligence;

that the failure of appellee to stop his automobile after his lights disclosed the ditch was not negligence; that the failure of appellee to slacken the speed of his automobile was not negligence; that he did not fail to keep a proper lookout; that he did not fail to apply his brakes; that his injuries and damages were not the result of an unavoidable accident; and that he did not fail to have his automobile under reasonable control.

Appellant's requested issue was substantially and sufficiently covered by the above mentioned issues, and the trial court did not err in refusing to submit the issue in more than one form. 41 Tex.Jur. sec. 246, p. 1051.

All other issues assigned by appellant have been carefully and thoroughly considered and found not to show any reversible error.

The judgment of the trial court is affirmed.