STATE EX REL. LYNDON A. SMITH v. VILLAGE OF McKINLEY
AND OTHERS.[1]

January 14, 1916.

Nos. 19,457—(21).

**Village — annexation of territory — petition for election.**

> *Quo warranto* requiring the village officers and authorities to show by what right they claimed municipal jurisdiction over territory outside of the original limits of the village. The statute provides that "five or more of the legal voters residing within such territory may petition to the governing body of such city or village to call an election for the determination of such proposed annexation." G. S. 1913, § 1801. *Held* that the words "legal voters residing within such territory" mean resident citizens who would have been entitled to vote in the territory proposed to be annexed on the date they signed the petition, and none others. The petition not having been signed by five legal voters, residing in the territory to be annexed, it conferred no jurisdiction on the village council either to entertain the petition or to call an election, and that all the proceedings are void.

[1] Reported in 155 N. W. 1064.

Upon the relation of Lyndon A. Smith, Attorney General, this court granted its writ of *quo warranto* directed to the village of McKinley and the president, recorder and trustees of that village. Respondents filed an answer. Writ of ouster.

*Lyndon A. Smith,* Attorney General, and *Washburn & Mitchell,* for relator.

*W. H. Radermacher, Warner E. Whipple, Frank E. Randall* and *Archer & Pickering,* for respondents.

SCHALLER, J.

On the tenth of February, 1915, a petition which purported to be signed by five legal voters, residents of the district to be annexed, was presented to the village council of the village of McKinley, in the county of St. Louis, Minnesota, praying that certain territory therein described be annexed to and become part of the village of McKinley and that a special election be called to be held in said territory at which election the question of annexation should be voted on by the residents of such territory.

A census of the inhabitants was presented with the petition, showing that there were 81 persons residing in the territory outside the village. The census was taken by Joseph Allen, Charles E. McCullough and Andrew Hagenson, who were for some days prior to the tenth of February actually living at Skoda's Camp.

The council acted on the petition and called an election to be held on the sixth of March, 1915, at a place in the proposed territory known as Skoda's Camp.

At the election there were eleven votes in favor of annexation and five votes against. It was declared that at such election a majority of those voting was in favor of the annexation of such territory, and the village council thereupon proceeded to exercise municipal jurisdiction over the same.

The state brings *quo warranto* requiring the village officers and authorities to show by what right they exercise municipal jurisdiction over the territory purporting to be annexed.

Much time and labor have been expended by the counsel engaged in this proceeding. The evidence is voluminous. The briefs and argument

on both sides are very full, show great research and present some novel and interesting questions. It will not be necessary to consider all of the questions presented, because we have arrived at the conclusion that there is a defect in the petition which renders all subsequent proceedings void. The defect goes to the jurisdiction of the village council to call the election.

The statute provides that "five or more of the legal voters residing within such territory may petition to the governing body of such city or village to call an election for the determination of such proposed annexation." G. S. 1913, § 1801 (Laws 1909, p. 103, c. 113, § 2.)

The evidence shows that although two, if not three, of the petitioners may have been residents of the district to be annexed, they were not legal voters therein at the time they signed the petition. It is clear that Messrs. McCullough and Hagenson resided outside of the district, and that they did not live in the district (Skoda's Camp) until the first or second of February, 1915. They signed the petition some time between that date and the tenth of February, 1915. Thus at the time of the signing of the petition they were not legal voters in that territory. They could not have voted at any election therein at the date they signed the petition.

The Constitution (article 7, § 1) provides:

"Every male person of the age of twenty-one or upwards, belonging to either of the following classes, who has resided in this state six months next preceding any election, shall be entitled to vote at such election in the election district of which he shall at the time  have been for thirty days a resident. * * * 1. Citizens of the United States who have been such for the period of three months next preceding any election."

While it may be conceded that two of the petitioners, McCullough and Hagenson, were citizens of the United States and of the state of Minnesota and of the township in which the proposed annexed territory was included and were legal voters therein, yet they had not been actual residents of the proposed annexed territory for a period of 30 days when they signed the petition. We hold that the words "legal voters residing within such territory," used by the legislature in this statute, mean citizens who would have been entitled to vote in the territory proposed to be annexed, on the date they signed the petition. The petition itself

was jurisdictional and, unless the petitioners bring themselves within the class designated by the legislature, the village council has no jurisdiction to entertain a petition or to call an election. It appears that at least two of the five signatories to the petition were not, on the day they signed the petition, legal voters in the territory proposed to be annexed. The legislature has prescribed the conditions under which territory may be annexed to municipalities. The requirements of the statute in regard to the petition have not been complied with. The result is that no jurisdiction was conferred upon the village council and that the subsequent proceedings were ineffective and void. Johnson v. Town of Clontarf, 98 Minn. 281, 108 N. W. 521; Meyer v. Town of Petersburg, 99 Minn. 450, 109 N. W. 840; Schweigert v. Abbott, 122 Minn. 383, 142 N. W. 723.

Let a writ of ouster issue.