MESQUITE INDEPENDENT SCHOOL DISTRICT v. CHARLES E. GROSS.

No. 6161.   Decided January 24, 1934.
(67 S. W., 2d Series, 242.)

*Gerald L. Johnson* and *Renfro, Ledbetter & McCombs,* all of Dallas, for appellant.

An order having been made by the Board of Trustees of the Mesquite Independent School District annexing the territory under color of the statute and the added territory having been recognized as a part of said district by the trustees thereof and by all the inhabitants thereof, including Chas. E. Gross, the defendant in a suit for school taxes, and by the tax authorities, the contention of said Gross, defendant in such tax suit, that his land was not properly annexed is a collateral attack on the district and constitutes no defense. R. S., 1925, Art. 2765; Acts 41st Leg., Reg. Sess., Chap. 298; Acts 40 Leg. 1 c. s., Chap. 71; Graham v. City of Greenville, 67 Texas, 62, 2 S. W., 742; City of El Paso v. Ruckman, 92 Texas, 86, 46 S. W., 25; Kuhn v. City of Yoakum, 6 S. W. (2d) 91; Dyer v. Consolidated School District No. 5, Callahan County, 22 S. W. (2d) 712.

*Muse & Muse,* of Dallas, for appellee.

Article 2765 of the Revised Statutes of 1925 is jurisdictional, and appellant was powerless to act save in accord with the terms of said restrictive statutes and in conformity therewith.

Because of its variance with the requirements of the statute the alleged annexation was a nullity. R. S., Art. 2765; Geffert v. Yorktown Ind. Sch. Dist. (Com. App.), 290 S. W., 1083.

The rule of estoppel and collateral attack have no application where there is no jurisdiction in the acting body. Jurisdiction of tribunals having a limited authority must be affirmatively shown before their proceedings will be presumed regular. Murchison v. White, 54 Texas, 82.

MR. JUDGE CRITZ delivered the opinion of the Commission of Appeals, Section A.

This case is before the Supreme Court on certified questions from the Court of Civil Appeals for the Fifth District at Dallas. The certificate states the case and the issues involved. It is as follows:

"The above styled and numbered cause is pending on sub-

mission in the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas, in which the judges of said court are unable to agree as to the disposition that should be made of same and deem it advisable to certify to the Honorable Supreme Court of Texas, because of the importance of the questions involved to the judicial procedure of the State, especially so in view of the decision rendered in the case of Jeffert v. Yorktown Independent School District, by the Commission of Appeals, reported in 290 S. W., 1083, and because of the doubtful meaning of certain language of Art. 2790, R. S., 1925, viz: 'The Board of Trustees shall thereafter annually levy and cause to be assessed and collected upon the taxable property in the limits of the district,' as to whether or not, to comply with said provision, it is necessary for the Board of Trustees to enter a formal order.

## "STATEMENT OF THE CASE

"Appellant brought its suit against appellee in the district court of Dallas County to recover school taxes in the sum of $57.12 for the year 1928, and for foreclosure of tax lien on certain real estate owned by appellee and situated within appellant's school district. Appellee answered by general denial and specially denied that the lands owned by him were within the boundaries of appellant school district, alleging same to be in the boundary of Balch Spring Common School District No. 26 of Dallas County, Texas. Appellant filed its supplemental petition, excepting in part to appellee's first amended original answer, for the reason that same made a collateral attack on the corporate existence of appellant as an independent school district; also plead estoppel against appellee, the effect of which plea will be fully presented in the statement of facts made herein. Appellee answered, that his actions did not constitute estoppel, the attempted annexation of his land and levy of taxes for 1928 both being void for want of jurisdiction.

## "DISPOSITION BY TRIAL COURT

"The trial court entered judgment in favor of appellee, that appellant take nothing by its suit.

## "Facts

"On the trial the following facts, material to the questions submitted, were established: that appellant is an Independent School District in Dallas County; that appellee Gross and five other citizens of Dallas County presented the following petition to appellant's Board of School Trustees:

" 'We, the undersigned, are owners of the property set opposite our names and we hereby make application to be taken into the Mesquite Independent School District. The lands we own are adjacent to and joining the said Mesquite Independent School District, and all of said land is continuous there being no lands between ours and the said Mesquite Independent School District. All of said lands embraced in this petition are now in Common School Oistrict No. 26 (Balch Spring), and said land lies South of the Southern line of said Mesquite Independent School District, beginning with the porperty of J. G. Austin and being the balance of land owned by him that is not now in the limits of Mesquite Independent School District, then the land of A. D. Jones, Chas. E. Gross, W. E. Holland, Zell P. Howard, and J. O. Johnson, and being in all 292.83 acres of land.'

(Here follows a description of thirteen tracts of land owned by the petitioners, including five owned by appellee, each tract being described only by stating the abstract number, certificate number, number of acres, and name of survey. The territory proposed to be annexed was not fully described by metes and bounds—no description being given of the thirteen tracts of land, other than above stated). The petition closes with the following:

" 'We, the undersigned, are the owners of the above described land and we petition your Honorable Body to annex our lands to the Mesquite Independent School District.'

"Appellants trustees acted upon said petition as follows:

" 'Motion carried made by Thompson and Gross to accept the petition of the Balch Springs School District, thereby annexing them with the Mesquite School District with valuation of land not to exceed $50.00 per acre for a period of one year, and that the tax assessor be notified to make such renditions as necessary to complete this work.'

"A copy of the resolution, containing a description of the added territory, was not filed for record in the County Clerk's office of Dallas County, in which the town of Mesquite is situated. After the passing of the above resolution, based on the petition for annexation, appellee handed a copy of said petition to the County Tax Assessor of Dallas County, who transferred the above tracts of land on the rolls from the Balch Springs Common School District to the Mesquite Independent School District. There was no petition of the people of the Balch Springs District to transfer, and there was no order of the Commissioners' Court transferring the tracts of land described in said petition to appellant school district. No action was

taken by the Commissioners Court of Dallas County on said petition. Appellant district claimed to have levied taxes against appellee on his five tracts of land, described in said petition, for the years 1926, 1927 and 1928; appellee paid the taxes for 1926 and 1927, but refused to pay taxes for 1928, on account of which this suit was brought. Appellee signed the assessment of taxes for the year 1928 sued on, and, while living on the land included in said petition, sent his three children to appellant's school without transferring them, drew up a petition for a bond issue which was signed by him, and in the years 1927 and 1928 voted in the trustee's election.

"Appellant's claim for a tax levy for the year 1928 is based on the fact that, on September 26, 1927, the following transaction was had by appellant's board of trustees, in the matter of levying a tax, as shown by the minutes of said Board, viz.:

" 'The motion carried made by Reedy and Paschall that the school tax rate be raised by the Board from 80 cents to $1.00 on the $100 valuation and at the same time instructed the tax assessor to make up rolls of Taxes as soon as possible.'

"Under the above adopted motion, the levy and assessment of taxes for the year 1928, on lands within appellant school district, including the taxes involved in this suit, was made. All proceedings had since the adoption of said resolution in reference to the rendition of property for taxes within said district, including appellee's property, was in conformity with the law for the rendition of property for taxes. No other order was made or entered by said Board of Trustees for the levy, assessment and collection of taxes for the year 1928, on the property located in appellant's school district, subject to taxation.

"QUESTIONS

"Question No. 1. Are the requirements in Art. 2765 R. S. 1925, relating to extensions of boundaries, jurisdictional—especially the following provisions of said article, stating the essential of the petition: (a) 'Fully describing by metes and bounds the territory proposed to be annexed'; (b) 'That said territory proposed to be added must be contiguous to one line of said corporation'; (c) 'A copy of which resolution containing a description of the added territory shall be filed for record in the county clerk's office of the county in which said town or village is situated'?

"Question No. 2. If the petition should meet the requirements of Art. 2765, supra, then was the adoption of the following motion sufficient to annex appellee's land to appellant

school district, viz: 'Motion carried made by Thompson and Gross to accept the petition of the Balch Spring Common School District, thereby annexing them with the Mesquite Independent School District, with the valuation of land not to exceed $50.00 per acre for a period of one year, and that the tax assessor be notified to make such renditions as necessary to complete this work'?

"Question No. 3. Did the following act of appellant's trustees make a valid tax levy on appellee's property for the year 1928, viz: 'The motion carried made by Reedy and Paschall that the school tax be raised by the Board from 80¢ to $1.00 on the $100 valuation, and at the same time instructed the tax assessor to make up rolls of taxes as soon as possible'?

"If question No. 3 should be answered in the negative, then, based upon such answers, the following question is submitted:

"Question No. 4. Was the effect of adopting said motion sufficient to show that a tax levy was made and adopted by resolution, motion or other informal action, and that the levy of the tax so attempted to be made was validated by the Act of the 41st Legislature Regular Session p. 446, approved March 18, 1929, and being as follows (Now Art. 2790a, Supplement Complete Texas Statutes):

" 'All levies for Ad Valorem taxes heretofore made by the governing body of any Independent School District in this State, and which are void and unenforceable because such levies were made and adopted by resolution, motion, or other informal action, instead of having been made by order, as required by the Statutes of this State, and which levies are otherwise legally enforceable, and hereby validated, and the same are hereby declared enforceable as though they had been made and adopted originally by an order duly passed by the respective governing bodies of such Independent School Districts'?

"Question No. 5. Under the facts stated, can the validity of the act of the trustees enlarging the district, be called in question in a collateral proceeding, as attempted by appellees; or is it a question involving the corporate integrity of the district that can only be raised by the State, or under its authority?

"A decision of the above questions is, in our judgment, necessary to a just and proper determination of said cause."

### OPINION

Under the facts disclosed by the certificate and the record accompanying it, if the order of the Board of Trustees of Mesquite Independent School District purporting to detach territory, including the land here sought to be taxed, from Com-

mon School District No. 26, (Balch Springs), of Dallas County, Texas, and attach same to the Mesquite District, can be sustained at all, it must be done by virtue of the provisions of Article 2765, R. C. S. of Texas, 1925, in force at the time such order was made. That statute reads as follows:

Art. 2765. "Whenever the territory heretofore incorporated, or which may hereafter be incorporated, for free school purposes, shall contain less than twenty-five square miles, and thereafter the majority of the inhabitants, qualified to vote for members of the Legislature, of any territory adjoining the limits of the town and village so incorporated, shall desire such territory to be added to and become a part of such incorporated town or village for free school purposes only, and a majority of such qualified voters sign a petition to that effect, any three of such qualified voters may file with the president of the board of trustees of such incorporated town or village the said petition, fully describing by metes and bounds the territory proposed to be annexed and showing its location with reference to the existing territory of the town or village already incorporated, provided that said territory proposed to be added must be contiguous to one line of said corporation. Upon so filing said petition, affidavits and descriptions, said president shall submit the same to the board, and, if upon investigation by the board it is found that the proposed addition will not increase the corporate limits so that the whole, when so increased, will exceed twenty-five square miles, the said board of trustees, by resolution duly entered upon its minutes, may receive such proposed territory as an addition to, and become a part of, the corporate limits of such town or village; a copy of which resolution, containing a description of the added territory, shall be filed for record in the county clerk's office of the county in which said town or village is situated, after which the territory so received shall be a part of said town or village; and the inhabitants thereof shall thenceforth be entitled to all the rights and privilages, and subject to the same liabilities of taxation as other citizens, and all property within said limits shall thenceforth be subject to such taxation as may have been, or may hereafter be, provided by said incorporation for free school purposes only."

■ The rule is well settled in this State that when the creation of a public corporation, municipal, or quasi municipal, is authorized by statute, and such a corporation has been organized under color of such authority, its corporate existence cannot be attacked in a collateral proceeding. City of El Paso v.

Ruckman, 92 Texas, 86, 46 S. W., 25. In the case at bar Gross is resisting the claim of the Mesquite Independent School District for taxes on the ground that the order purporting to add the territory in question to such district was and is void. Such a defense is a collateral attack on the order involved, and if the Board of Trustees of the Mesquite Independent School District acted under color of law in making it, such defense cannot be allowed.

■ It is also well settled that a school board is a creature of statute, and only has such jurisdiction as is expressly given it by statute, or is implied as a necessary incident to the jurisdiction so expressly given. Geffert v. Yorktown Independent School District, 290 S. W., 1083 (Com. App.); State Line Consol. School Dist. v. Farwell Ind. School Dist., 48 S. W. (2d) 616 (Com. App.). Such boards have no inherent power to detach territory from an adjoining district and add it to their own. In this connection we hold that such power is conferred by statute, and being a special grant of authority must be exercised in strict conformity with the mandatory direction of the statute. Geffert v. Yorktown etc., supra; State Line, etc. v. Farwell, etc., supra. When such a board acts without authority of law, express or implied, it acts without potential jurisdiction, and want of potential jurisdiction renders an act utterly void, and subject to collateral attack. State Line, etc. v. Farwell, etc., supra.

When we come to examine the statute above quoted, we find that it does not purport to confer or grant unlimited power or jurisdiction on the school boards there mentioned to detach territory from other districts and add same to their own. On the other hand such power or jurisdiction is expressly limited. One of the limitations expressly provided by the statute is that "a majority of such qualified voters sign a petition to that effect, and three of such qualified voters may file with the president of the Board of Trustees of such incorporated town or village the said petition fully describing by metes and bounds the territory proposed to be annexed and showing its location with reference to the existing territory of the town or village already incorporated, provided such territory proposed to be added must be contiguous to one line of said corporation." The plain words of the statute limit the potential jurisdiction of the school boards to instances where it is presented with the statutory petition. If the statutory petition is absent the jurisdiction of the board is utterly lacking. In other words unless

and until the board is presented with the statutory petition it has no jurisdiction in the premises.

When we come to examine the petition for annexation in the present case we find that it fails to meet the statutory requirement that it fully describe by metes and bounds the territory sought to be annexed. A reading of the certificate thoroughly demonstrates this. Such being the case the Board was without potential jurisdiction to make the order of annexation. This being the case the Board acted without color of authority. Since the Board acted without color of authority, and without potential jurisdiction its order was and is utterly void, and subject to collateral attack. Since the order was and is utterly void and subject to collateral attack it could not possibly be made valid by any act of the tax payer. This holding settles the case adversely to the school board, and renders the other questions certified immaterial.

We recommend that this opinion be certified as an answer to the questions contained in the certificate.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

C. M. CURETON, Chief Justice.