**GRAND LODGE OF THE ORDER OF THE SONS OF HERMANN IN THE STATE OF TEXAS v. CURRY et al.**

No. 10102.

Court of Civil Appeals of Texas.
San Antonio.

Aug. 11, 1937.

Rehearing Denied Sept. 8, 1937.

William A. Wurzbach and Herman Glosserman, both of San Antonio, for appellant.

Terrell, Davis, Hall & Clemens and A. V. Knight, all of San Antonio, for appellees.

SLATTON, Justice.

The Grand Lodge of the Order of the Sons of Hermann in the State of Texas instituted this suit against Alice Curry, individually and as independent executrix of the estate of A. L. Curry, deceased, Flora D. Lowe, individually and as independent executrix of the estate of J. G. Lowe, deceased, and others, including Zavala-Dimmit Counties Water Improvement District No. 1.

The suit against the individuals sought a recovery for debt and foreclosure of a lien securing the same on the hereinafter described real estate situated in Zavala county, Tex.

The appellant alleged that the water improvement district was a public corporation and claimed certain taxes against the real estate for the years 1931 to 1935, inclusive; and further alleged that said lands were never, and are not now, within the boun-

daries of said district, and the claim by the water district for taxes was in virtue of a void petition which is as follows:

"The State of Texas,

"County of Zavala.

"To the Board of Directors of the Zavala-Dimmit Counties Water Improvement District No. 1.

"I, A. L. Curry, owner in fee of 324 acres of land situated in Zavala County, Texas and described as follows:

"Farms Numbers 5 to 8 inclusive, 18 to 25 inclusive, in section Number 29; and Farms Numbers 1 to 4 inclusive, 13 to 20 inclusive, and 29 to 36 inclusive in Section Number 40, all in the Cross S Ranch in Zavala County, Texas, .

hereby make application to have said tracts of land included in and added to the territory included in Zavala-Dimmit Counties Water Improvement District No. 1, as established by an order of the Board of Directors of said Zavala-Dimmit Counties Water Improvement District No. 1, made on the ——— day of November, 1925, and on record in the minutes of said Board in Volume 1, page ———.

"Wherefore he prays that notice be given as required by law, and upon final hearing that order be entered including said land in said Water Improvement District.

"Witness my hand this the 22nd day of September, 1927.

"A. L. Curry.

"The State of Texas
"County of Zavala

"Before me, the undersigned authority, within and for the said County and State, on this day personally appeared A. L. Curry, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and considerations therein expressed.

"Given under my hand and seal of office this the 22nd day of September, A. D. 1927.

"G. C. Jackson

"[Seal.]          Notary Public in and for Zavala Co., Texas."

Allegations were made that the attempted inclusion of the land was void because such land was not described by metes and bounds. .

The Improvement District answered generally and specially, and by cross-action pleaded taxes due the district on the land involved, for the years 1931 to 1935, inclusive. The appellant answered the cross-action of appellee that the Improvement District's claim for taxes was illegal, in addition to the facts originally alleged, that the land was not in the district, that the assessment of the land was not in accordance with the statutory provision, and that the description given was void for uncertainty.

The trial was to the court, without the intervention of a jury, and a decree entered establishing the debt and foreclosing appellant's lien against the land, and allowing the Improvement District a recovery for taxes for the year 1931 and a foreclosure of the lien for such taxes; and denying the district the taxes claimed for the years 1932 to 1935, inclusive.

The appellant brings the case here, and the appellee district cross-assigns error.

Appellant claims, by its first proposition, that, the Zavala-Dimmit Counties Water Improvement District No. 1 having only statutory authority to annex territory to the water district, and that the statute (Rev.St. 1925, art. 7649) requiring that such annexation be by a petition filed by an owner of fee, describing the land by metes and bounds, that the petition of A. L. Curry, the then fee owner, failing to describe such land by metes and bounds, that such district lacked potential jurisdiction to act in the annexation proceedings, and its attempt to do so was utterly void; and relying upon the case of Mesquite Independent School District v. Gross, 123 Tex. 49, 67 S.W.(2d) 242, 243, 245.

In the Mesquite Case, supra, the question certified by the Court of Civil Appeals to the Supreme Court was with reference to annexation proceedings under article 2765 of the Revised Civil Statutes 1925, relating to extension of boundaries of school districts, the statute requiring that the petition fully describe, by metes and bounds, the territory proposed to be annexed. The certificate in that case shows that thirteen tracts of land owned by the petitioners were described only by stating the abstract number, the certificate number, number of acres, and name of survey. The Supreme Court in determining the question used this language:

"When we come to examine the statute above quoted, we find that it does not purport to confer or grant unlimited power or jurisdiction on the school boards there mentioned to detach territory from other districts and add same to their own. On the other hand, such power or jurisdiction is

expressly limited. One of the limitations expressly provided by the statute is that 'a majority of such qualified voters sign a petition to that effect, any three of such qualified voters may file with the president of the board of trustees of such incorporated town or village the said petition, fully describing by metes and bounds the territory proposed to be annexed and showing its location with reference to the existing territory of the town or village already incorporated, provided that said territory proposed to be added must be contiguous to one line of said corporation.' The plain words of the statute limit the potential jurisdiction of the school boards to instances where it is presented with the statutory petition. If the statutory petition is absent, the jurisdiction of the board is utterly lacking. In other words, unless and until the board is presented with the statutory petition, it has no jurisdiction in the premises.

"When we come to examine the petition for annexation in the present case, we find that it fails to meet the statutory requirement that it fully describe by metes and bounds the territory sought to be annexed. A reading of the certificate thoroughly demonstrates this. Such being the case, the board was without potential jurisdiction to make the order of annexation. This being the case, the board acted without color of authority."

In the case before us the statute provides that the owner of the fee "to lands contiguous to any district created under this Act may file with the board of directors of said district a petition in writing. * * * The petition shall describe the tract or body of land owned by the petitioners by metes and bounds and upon the filing of such petition with the board of directors, said board of directors shall cause an accurate survey of the said tract of land to be made."

■ It is well settled that a water improvement district is a creature of statute and only has such jurisdiction as is expressly given it by statute, or is implied as a necessary incident to the jurisdiction so expressly given. Mesquite Case, supra; Geffert v. Yorktown Independent School Dist. (Tex.Com.App.) 290 S.W. 1083; State Line Consol. School Dist. No. 6 of Parmer County v. Farwell Independent School Dist. (Tex.Com.App.) 48 S.W.(2d) 616.

■ When we look at the petition in the case before us we find that the land is not described by metes and bounds, as provided by the statute, but is described by farm numbers, and section number, in the Cross S. Ranch in Zavala county, Tex. The term "metes and bounds" as used by the Legislature was undoubtedly used in its generally accepted meaning as found in the dictionaries. Bouvier's Law Dictionary, Rawls Revision, vol. 2, page 2207, defines metes and bounds as follows: "The boundary lines of land, with their terminal points and angles." Ballentine's Law Dictionary, p. 814, defines metes and bounds as follows: "The boundary lines and corners of a piece of land."

■ The petition in this case failed to describe the boundary lines and corners of the land sought to be annexed to the water district, and under the ruling of our Supreme Court in the Mesquite Case, supra, we are of the opinion that the attempted annexation by the appellee district of the land described in the petition above quoted was absolutely void and of no force and effect, and therefore could be collaterally attacked, as was done in this proceeding.

■ Having demonstrated that the land sought to be taxed was not in the appellee district, it follows that it had no right to assess and collect any tax thereon. This ruling renders the discussion of other points raised upon this appeal unnecessary. The judgment of the trial court, in so far as it decreed a tax against the land involved in this suit, will be reversed and here rendered that the appellee Zavala-Dimmit Water Improvement District No. 1 take nothing in virtue of its cross-action against the appellant and pay all costs of this court. In all other respects the judgment is affirmed.