## ZAVALA–DIMMIT COUNTIES WATER IMPROVEMENT DIST. NO. I et al. v. McMILLIAN.

### No. 10507.

Court of Civil Appeals of Texas. San Antonio.

March 29, 1939.

Rehearing Denied April 26, 1939.

G. C. Jackson and R. S. Crawford, both of Crystal City, and Birkhead, Beckmann, Stanard & Vance, of San Antonio, for appellants.

Wm. A. Wurzbach and Herman Glosserman, both of San Antonio, for appellee.

SLATTON, Justice.

P. W. McMillian filed this suit in the District Court of Zavala County, February 14th, 1938, against Zavala-Dimmit Counties Water Improvement District No. 1. The Reconstruction Finance Corporation, being the holder of bonds against the district, was allowed to intervene.

It was sought by this action to exclude 218 acres of land belonging to said McMillian from the District, because the same was improperly admitted into the District, in that such land was not described by metes and bounds in the application upon which the land was admitted.

The District and the Reconstruction Finance Corporation, among other defenses, pleaded a former judgment of the District Court of Travis County in cause No. 56897, in which the District and McMillian were parties. It was alleged that McMillian by his interventions in said cause tendered the same issues to the Travis County District Court as he seeks now to relitigate in this suit, and the same were determined against him, from which no appeal was ever prosecuted, and that said judgment is final.

The trial was to the court, without the intervention of a jury. The court found facts sufficient to support the issue of res adjudicata, but entertained the opinion that the judgment of the district court of Travis County was void, because the same was in conflict with the judgment rendered by this Court in the case of Grand Lodge of Order of Sons of Hermann in Texas v. Curry, opinion reported in 108 S.W.2d 574, and rendered judgment in favor of McMillian. The district and intervener have appealed.

The pleadings and the proof show that McMillian intervened in cause No. 56,897 pending in the District Court of Travis County, and sought to have his land excluded from the district and relieved from any liability of the indebtedness of said district. The judgment of said District Court denied him that relief. That judgment is final. Whether that judgment is correct we are not here concerned. That court had jurisdiction of the parties and of the subject matter. There was no statutory inhibition to the rendition of that sort of judgment, therefore, the trial court erred in allowing McMillian to relitigate the same issues which had been settled against him in the District Court of Travis County, and in granting to him any relief in this suit. The authorities upon which we rest this decision are cited in the case of Zavala Dimmit Counties Water Improvement District No. 1 et al. v. L. H. Duncan, 127 S.W.2d 362, this day decided by this Court.

All the facts necessary to support the appellants' plea of res adjudicata being without dispute in the evidence as found by the trial court, the judgment rendered by the trial court will be reversed and judgment will be here rendered that appellee, McMillian, take nothing by this suit and pay all costs of this and the lower court.