## ZAVALA–DIMMIT COUNTIES WATER IMPROVEMENT DIST. NO. 1 et al. v. HAYS.

### No. 10508.

Court of Civil Appeals of Texas.
San Antonio.

April 26, 1939.

Rehearings Denied May 24, 1939.

G. C. Jackson and R. S. Crawford, both of Crystal City, and Birkhead, Beckman, Stanard & Vance, of San Antonio, for appellants.

Wm. A. Wurzbach and Herman Glosserman, both of San Antonio, for appellee.

SMITH, Chief Justice.

On November 30, 1925, the Board of Directors of Zavala-Dimmit Counties Water Improvement District No. 1 entered an order annexing to the existing district certain lands belonging to Eugene W. Hays, upon the latter's petition of October 2,

1925. The District was created and is operating, and Hays' application was made, under the provisions of Title 128, Ch. 2, art. 7622 et seq., R.S.1925.

It is conceded that the proceedings to incorporate Hays' land into the District were valid in all respects, unless his application therefor was insufficient to describe the land, as required, as a prerequisite to jurisdiction, in the provision of the statute, that "The petition shall describe the tract or body of land owned by the petitioners by metes and bounds." Art. 7649, R.S. 1925.

It appears that in 1938, thirteen years after his land had been brought into the district, Hays brought this suit to annul and vacate the order of the District Board of Directors admitting said land into the District upon his application. He based his suit solely upon the contention that his said application did not contain a sufficient description of his land, within the contemplation of Art. 7649.

Hays' petition, omitting formal parts, including his admitted signature and acknowledgment, was as follows:

"I, Eugene W. Hays, of Zavala County, Texas, owner in fee of 40 acres of land, situated in Zavala County, Texas, described as follows:

"Farms 5–12–18 & 25, in Section 55 out of the Cross S. Ranch, according to the Jowers Subdivision of said Ranch recorded in the Deed Records of said County, and to which reference is here made, hereby makes application to have said tracts included in and added to the territory included in Zavala-Dimmit Counties Water Improvement District No. 1, as established by an order of the Commissioners' Court in Zavala County, Texas, on the ——— day of November, 1924, recorded in the deed records of Zavala County, Texas."

The order of the Board of Directors granting said petition contained the same description as that included in the petition as set out above.

We are of the opinion that, according to the authorities, the description of the land was insufficient under the statute to confer jurisdiction upon the District Board of Directors to incorporate the land into the existing district. The Board of Directors is purely a creature of the statute. It has only such jurisdiction as that conferred by special grant of authority, through express language of the statute, or by necessary implication therefrom. Its jurisdiction to add land to an existing district can be given only in an application drawn in accord with the statutes. Such application, or petition, to confer jurisdiction upon the Board, "*shall* describe the tract or body of land owned by the petitioners *by metes and bounds.*" (Italics ours.) Failing in that requirement, the petition is insufficient, and the Board has no jurisdiction to add the land to the district. Mesquite Independent School Dist. v. Gross, 123 Tex. 49, 67 S.W.2d 242, 243; Grand Lodge of Order of Sons of Hermann v. Curry, Tex.Civ.App., 108 S.W.2d 574, writ refused.

In this case the description in the petition did not purport to give the metes and bounds of the land sought to be added to the existing district. It is true that it gave reference to records which, if pursued, might have ultimately disclosed descriptions by metes and bounds. But those references do not satisfy the express requirement of the statute. The description condemned in the Mesquite case, cited above, was as nearly within the requirement as the description in this case. That description being insufficient under the statute, the Board of Directors acquired no jurisdiction to act, and its order granting the petition was "utterly void" and a nullity, under the authorities cited. We overrule appellants' second proposition.

The order in question being void and accordingly a nullity, it had no effect upon existing rights of the parties, and may be questioned at any time, directly or collaterally, in disregard of the rules or statutes of limitation. White v. Hidalgo, etc., Dist., Tex.Civ.App., 6 S.W.2d 790. We overrule appellants' first proposition.

It is contended in appellants' third proposition that appellee's right to question the order of the Board was adjudicated adversely to him in ex parte proceedings brought in the District Court of Travis County, to establish the validity of the District and securities issued by it, as provided by statute. Art. 7703, et seq. We overrule that proposition. The proceedings mentioned are res adjudicata of nothing involved in this suit, for the matters involved in this suit were in no sense determined in those proceedings. Nor was appellee in anywise a party to those proceedings, which fact effectually distinguishes this case from Zavala-Dimmit Counties

Water Improvement District No. 1 v. Mc-Millian, 127 S.W.2d 364, recently decided in this Court.

The judgment is affirmed.