JAMES WRIGHT, PROSECUTOR, v. JOHN F. LEE, CITY CLERK OF THE CITY OF BAYONNE, IN THE COUNTY OF HUDSON AND STATE OF NEW JERSEY, DEFENDANT.

Argued October 2, 1940—Decided October 15, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Daniel J. Murray.*

For the defendant, *William Rubin.*

The opinion of the court was delivered by

HEHER, J.   On June 26th, 1940, there were filed with the clerk of the City of Bayonne petitions purporting to bear the signatures of 5,697 "legal voters" of the municipality, requesting the clerk to call a special election on the question of the adoption by the municipality of the act providing for the municipal manager form of government (*R. S.* 1937, 40:79-1, *et seq.*) ; and the clerk, on July 20th ensuing, "determined not to call" such election "for the reason that

said petitions" did "not comply with the requirements" of section 40 :80-1 of the cited statute. *Certiorari* was thereupon allowed to review this action. Upon the conclusion of the oral argument, the court vacated the determination; and we now set down the reasons which moved us to that judgment.

The dispositive question is one of statutory construction, *i. e.,* whether the clerk erred in rejecting the signatures of legal voters of the municipality who had not voted at the last preceding general election. We view this as a misconception of the statute. It provides that:

"The legal voters of any municipality may adopt this subtitle at a special election * * * to be called by the municipal clerk upon request or petition in writing of the legal voters of the municipality not less in number than fifteen per cent. of the number of persons who voted at the last preceding election held for the purpose of electing members of the general assembly as shown by the official canvass."

The right to vote in the municipality constitutes the sole qualification. One having that status is a "legal voter" within the purview of the statute, and so is entitled to invoke the statutory procedure. A "legal voter" is a person invested by law with the right to vote at an election held in the municipal subdivision. The subsequent clause is quantitative rather than qualitative in nature: it merely fixes the minimum number of *legal voters* needful to set the statutory procedure in operation. Only thus can all the language of the provision be given full significance. If it were within legislative contemplation to limit the invocation of the statute to legal voters who had also voted at the last general election, it is but fair to assume that direct language, free of all ambiguity, would have been employed. It is to be noticed that the "number" of persons who voted at the last preceding election is to be that "shown by the official canvass." Moreover, it is not to be presumed, in the absence of language explicitly laying down the disqualification, that the legislature intended to exclude legal voters from participation in a matter of such vital local concern merely because they had not exercised the right of franchise at the last preceding general election—a lapse frequently due to circumstances beyond the control of the elector.

For obvious reasons, this statutory provision is to be liberally construed in favor of those having the right to vote and therefore a voice in the management of municipal affairs. The disqualification must be so specific as to admit of no doubt of such legislative purpose. Apart from the general rule of construction, *R. S.* 40:79-6 enjoins a liberal construction of the statute "to effectuate the substantial objects" thereof.

As to the point that it was incumbent upon prosecutor "to establish that a valid and adequate petition had been filed" with the municipal clerk, it suffices to say that the clerk determined the question of the sufficiency of the petitions, and that it was conceded on the oral argument that the determinative inquiry was the correctness of the clerk's interpretation of the statute in the particular adverted to. It has been held that it is the function of the clerk to pass upon the validity of the petitions filed. *Balm* v. *Cape May,* 3 *N. J. Mis R.* 58; *affirmed,* 101 *N. J. L.* 400; *Baker* v. *Reeves,* 9 *N. J. Mis. R.* 1303; *Coyte* v. *King,* 11 *Id.* 777. And, for the reason just given, it is unnecessary to decide the remaining questions argued.

And so the action under review was set aside; and costs are now allowed to prosecutor.