ZAVALA-DIMMIT COUNTIES WATER IMPROVEMENT
DISTRICT NO. 1 ET AL V. EUGENE W. HAYS.

No. 7620. Decided June 11, 1941.
Rehearing overruled July 16, 1941.
(153 S. W., 2d Series, 463.)

*R. S. Crawford* and *Grover C. Jackson,* both of Crystal City, for plaintiff in error, Zavala-Dimmit Counties Water Improvement District No. 1, and *Birkhead, Beckmann, Stanard & Vance,* of San Antonio, also a plaintiff in error.

Where the statutes (Articles 7703-7706) authorize and empower a water district to bring an action to determine the validity of bonds and any matters pertaining to the organization and validity of the district, and where such suit is brought by the district and issues made and judgment entered validating

its creation and organization, and its bonds, such judgment is res adjudicata in all cases pertaining to the organization and validity of said district and its bonds, and it was error for the Court of Civil Appeals to hold that the validating proceedings in the district court of Travis County are res adjudicata of nothing in the present suit. Cochran County v. Boyd, 26 S. W. (2d) 364; Diffie v. White, 184 S. W. 1065; Mesquite Ind. Sch. Dist. v. Gross 123 Texas 49, 67 S. W. (2d) 242.

*Wurzbach & Glosserman,* of San Antonio, for defendant in error.

In answer to the contention that the judgment in the Travis district court is res adjudicata: Tregea v. Modesto Irr. Dist., 164 U. S. 179; Commander v. Bryan, 123 S. W. (2d) 1008.

A petition to have one's land attached to a water improvement district which does not describe such land by metes and bounds, does not meet the requirements of the statute (Article 7649). Simmons v. Arnim, 110 Texas 309, 220 S. W. 66; Grand Lodge, Sons of Herman, v. Curry, 108 S. W. (2d) 574; Sutherland on Stat. Const., sec. 454.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This suit was brought by defendant in error, Eugene W. Hays, to annul an order of the board of directors of plaintiff in error, Zavala-Dimmit Counties Water Improvement District No. 1, dated November 30, 1925, annexing lands owned by Hays to said district and to remove cloud from his title to such lands created by such order. The relief prayed for was granted by the trial court and its judgment was affirmed by the Court of Civil Appeals. 128 S. W. (2d) 535.

1   The application of Hays to have his land annexed to the district was made under the provisions of Article 7649, R. S. 1925. One of the provisions of that article is that the petition shall describe the land sought to be annexed by metes and bounds. The petition of Hays was held by the Court of Civil Appeals to be deficient in that respect and for that reason the order attempting to annex the lands to the district was held to be void under the authority of Mesquite Independent School District v. Gross, 123 Texas 49, 67 S. W. (2d) 242, and Grand Lodge of the Order of The Sons of Herman in the State of Texas v. Curry, 108 S. W. (2d) 574 (writ refused).

The authorities cited support that holding by the Court of Civil Appeals, and without further discussion, the same is approved.

The holding of the Court of Civil Appeals upon the question of limitation is also approved without further discussion.

We approve as well the holding of that court upon the question of res adjudicata, but it seems desirable, in view of arguments made in the application for writ of error, to add to the discussion thereof as contained in that court's opinion. Shortly after the district was organized it issued bonds in the sum of $200,000. Thereafter, in pursuance of Articles 7703-7707, R. S. 1925, suit was instituted in the district court of Travis County for the purpose of validating the creation of the district and the bonds which had been issued. On July 1st, 1925, judgment was entered in that cause establishing the validity of the creation of the district as well as the validity of the bonds. That judgment was entered prior to the attempted annexation of Hays' lands to the district and was, therefore, without any effect as to his lands.

2 On April 15, 1926, after the attempted annexation of Hays' lands to the district, a series of bonds aggregating $70,000 was issued, and thereupon another suit was filed in the district court of Travis County under the provisions of the above articles, and by judgment dated May 7, 1926, those bonds were in all things validated. Later, in the same year another series of bonds was issued, but it seems that no action was brought to have that series validated. Some ten years later, on April 9, 1936, another action was brought in the district court of Travis County. The petition in that suit set forth the facts concerning the issuance of the three series of bonds heretofore mentioned, and disclosed that there were then bonds outstanding against the district in the amount of $271,000. A further allegation was that it was the purpose of the district to issue refunding bonds in the aggregate amount of $153,500 to take up and supersede outstanding bonds. The prayer of the petition was, in substance, that the court enter its order decreeing that the district was a duly and legally established, organized and existing water improvement district; that the refunding bonds had been authorized in accordance with law; that same should be held to be legal and binding obligations of the district, etc. On January 8, 1937, judgment was entered in that cause granting the relief prayed for.

The Honorable Court of Civil Appeals overruled the con-

tention that the validity of the annexation proceedings was adjudicated in such judgments. With that conclusion we are in accord. Hays was not personally cited; neither did he make himself a party to any of that litigation, which latter fact distinguishes this case, as held by the Court of Civil Appeals, from Zavala-Dimmit Counties Water Improvement District No. 1 et al v. McMillan, 127 S. W. (2d) 364 (writ refused). Since the proceedings for annexing Hays' lands to the district were void, under no theory could he be held to have been a party to the proceedings instituted by the district to validate the bonds of the district. So far as he was concerned the status of the matter was just the same as if no annexation proceedings had ever been instituted. The suits to validate were in the nature of proceedings in rem and the judgments were binding upon all property within the district and upon all persons owning property therein, but could not be held to be binding upon Hays, whose lands formed no part of the district and who was not a party to the proceedings.

The judgment of the Court of Civil Appeals, which affirms the judgment of the trial court, is affirmed.

Opinion adopted by the Supreme Court June 11, 1941.

Rehearing overruled July 16, 1941.