## LEFLER et al. v. CITY OF DALLAS.

### No. 13443.

Court of Civil Appeals of Texas. Dallas.

Dec. 17, 1943.

Rehearing Denied Jan. 14, 1944.

J. Manuel Hoppenstein, of Dallas, for appellants.

H. P. Kucera, City Atty., and A. J. Thuss, E. L. Markham, Jr., and R. L. Dillard, Jr., Asst. City Attys., all of Dallas, for appellee.

YOUNG, Justice.

Appellants, residents and owners of property in Bluff View Estates, which, prior to the proceedings complained of, was an unincorporated residential subdivision of Dallas County, instituted this suit against appellee, alleging invalidity of the annexation ordinance whereby their property was brought into the City; seeking to enjoin appellee from exercising municipal powers over the area. Following a restraining order granted ex parte, the City was ordered to show cause why temporary injunction should not issue. Appellee filed a plea in abatement and special exceptions, praying for dismissal of petition on ground that it was a collateral attack upon the process of annexation because plaintiffs sue as individuals and not in the name of the State as a quo warranto proceeding. Upon trial, but without hearing of testimony, the injunction was denied, plea in abatement and exceptions sustained, and suit dismissed, from which this appeal was duly taken.

The allegations of these plaintiffs may be briefly summarized, viz.: That the ordinance annexing Bluff View Estates is void, because (a) the property affected was insufficiently described, not being set forth by metes and bounds as required by City charter; (b) the lands known as Bluff View Estates do not in fact adjoin the City limits of Dallas, as required by charter and state law; (c) petitioners were denied a hearing before the City Council prior to passage of the ordinance, such being a denial of due process; (d) Art. 1, Sec. 4, of appellee charter, authorizing the annexation, is void for indefiniteness and uncertainty.

A strip of land beginning at Lemmon Avenue, some ten feet wide and three-fourths mile long, connects the annexed property with present city limits, the annexation ordinance, in describing the area, merely referring to the boundaries and calls as contained in the original layout of Bluff View Estates; length or measurement of lines not being given. However, the ordinance in question was followed by one applying comprehensive zoning to the new territory where it was particularly described by linear measurement.

City of Dallas was granted its present charter by Act of the Legislature in 1907, Loc. & Sp.Laws, c. 71, carrying forward an earlier provision, Special Laws of 1899, Ch. 8, p. 93, in regard to annexation. No change has been made in the provision since that time. Section 4 reads: "Additional Territory.—Any territory adjoining the present or future boundaries of said city may from time to time, in any size or shape desired, be admitted and become a part thereof on application made or written consent given to the city council by the owner or owners of the land, or, as the case may be, by a majority of the legal voters resident on the land sought to be added. In all such cases the territory so added shall be described by metes and bounds, in an ordinance accepting, assenting and adding the same to the municipal corporation; and thereafter the inhabitants of said added territory shall in all respects be on an equal footing with the inhabitants of the original municipal territory." Article 1175, Vernon's Ann.Civ.St. enumerating powers of Home Rule cities, reads in part: "Cities adopting the charter or amendment hereunder shall have full power of local self-government, and among the other powers that may be exercised by any such city the following are hereby enumerated for greater certainty: * * * 2. The power to fix the boundary limits of said city, to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city, according to such rules as may be provided by said charter."

The attack here made upon appellee's ordinance is a collateral one, not being in nature of quo warranto or to which the state is a party. 30 T.J., Sec. 35, pp. 77, 78; Kuhn v. City of Yoakum, Tex. Com.App., 6 S.W.2d 91. Appellants recognize this by assuming the burden of establishing utter invalidity of the ordinance on its face; otherwise, they say, judgment should be affirmed. Appellants' objections to the measure in general are based upon

an alleged failure to comply with the law governing annexation; and in this connection, distinction should be drawn between municipal acts unauthorized by law or color of law, and those consisting of a mere irregular exercise of power. Appellants, to maintain a collateral attack, must show an entire want of power on the part of the City to annex Bluff View Estates, and it is not sufficient to allege a mere irregular exercise thereof. The principles affirmed in Kuhn v. City of Yoakum, supra, are quite pertinent to all allegations wherein invalidity of ordinance is claimed. It is there stated: "The rule has not been deviated from in this state that the validity of an extension of territory of a city or school district can only be attacked by a direct suit in the nature of a quo warranto by the state, or in a proceeding in which the state is a party." (Citing authorities) Appellants' contentions, therefore, that the territory is not sufficiently described by metes and bounds; nonjoinder of the area to the City; and that complainants were not afforded a hearing before the Council, are obvious attacks on the *regularity* of the annexation proceedings and fall within the pronouncement of Kuhn v. City of Yoakum, supra, which case, following Graham v. Greenville, 67 Tex. 62, 2 S.W. 742, and Cohen v. Houston, Tex.Civ.App., 176 S.W. 809, writ refused has been uniformly approved in later decisions.

Adverting, however, to specific points of error, we conclude:

▇▇ First, that the field notes of the land annexed constitute a sufficient description thereof by metes and bounds, within meaning of the Dallas charter. Appellants in their pleading admit that all boundary lines of the annexed property were adequately described; the ordinance being attacked as void because *exact measurement* of each line was not shown. We do not think it necessary to a metes and bounds description that length of line be given when, as here, all boundaries of the involved area are fully set forth by calls for course and adjoinder. Of the cases cited by appellants, the description of land in Mesquite Indep. School Dist. v. Gross, 123 Tex. 49, 67 S.W.2d 242, was held defective because of no boundary lines; similarly, in Grand Lodge of Order of Sons of Hermann v. Curry, Tex.Civ.App., 108 S.W.2d 574, 576, writ refused, Judge Slatton recognizes that metes and bounds refer to boundaries of land, making no reference to length of lines in the following: "When we look at the petition in the case before us we find that the land is not described by metes and bounds, as provided by the statute, but is described by farm numbers, and section number, in the Cross S. Ranch in Zavala county, Tex. The term 'metes and bounds' as used by the Legislature was undoubtedly used in its generally accepted meaning as found in the dictionaries. Bouv.Law Dict., Rawle's Third Rev., vol. 2, p. 2207, defines metes and bounds as follows: 'The boundary lines of land, with their terminal points and angles.' Ballentine's Law Dictionary, p. 814, defines metes and bounds as follows: 'The boundary lines and corners of a piece of land.'" All authorities cited in vol. 27, Words and Phrases, Perm.Ed., p. 158, under Metes and Bounds, identify the term as simply a boundary line. Length of lines would not appear essential to such a description, for the obvious reason that, in determining the boundaries of land, a call for distance is considered the most unreliable, ordinarily yielding to calls for course and adjoinder, either natural or artificial. 7 T.J., Sec. 33, p. 159; Woods v. Robinson, 58 Tex. 655. And generally, appellants' cases (see footnote[1]) are shown to deal with statutory annexation by school or water districts where a metes and bounds description is required in the petition, short of which, no potential jurisdiction is vested in the annexing body. Conversely, appellee is a Home Rule city, with all powers of local self-government not inhibited by the Constitution and general laws; Yellow Cab Co. v. Tuck, Tex.Civ.App., 115 S.W.2d 455; City of Dallas v. Harris, Tex.Civ. App., 157 S.W.2d 710; City of Denton v. Denton Home Ice Co., 119 Tex. 193, 27 S.W.2d 119, 68 A.L.R. 866. The Dallas charter requires only a metes and bounds description in the instant ordinance of annexation, previous to which an admittedly correct petition has been filed. Appellee's subsequent acts were

---

[1] Zavala-Dimmit Counties Water Imp. Dist. No. 1 v. Hays, Tex.Civ.App., 128 S. W.2d 535, affirmed 137 Tex. 338, 153 S.W. 2d 463; Mesquite Indep. School Dist. v. Gross, 123 Tex. 49, 67 S.W.2d 242; Grand Lodge, etc., Sons of Hermann v. Curry, Tex.Civ.App., 108 S.W.2d 574; White v. Hidalgo County Water Imp. Dist. No. 2, Tex.Civ.App., 6 S.W.2d 790.

therefore at least under color of authority and within the following principles of Mesquite Indep. School Dist. v. Gross, supra [123 Tex. 49, 67 S.W.2d 245]: "The rule is well settled * * * that, when the creation of a public corporation, municipal or quasi-municipal, is authorized by statute, and such a corporation has been organized under color of such authority, its corporate existence cannot be inquired into by the courts in a collateral proceeding. City of El Paso v. Ruckman, 92 Tex. 86, 46 S.W. 25."

Second: It is well settled that each and every tract of land sought to be annexed need not adjoin or be contiguous to the municipality. If only one tract of a contiguous body adjoins, this is sufficient. Tod v. Houston, Tex.Com.App., 276 S.W. 419; Huff v. La Fayette, 108 Ind. 14, 8 N.E. 701; In re Sadler et al., 142 Pa. 511, 21 A. 978; Mason v. Kansas City, 103 Kan. 275, 173 P. 535. But appellants earnestly submit that the method pursued was nothing more than an arbitrary gerrymander of the district into the City, Bluff View Estates not adjoining the municipal limits in fact; especially so, when no owner or legal voter, resident upon the 10-ft. strip (the only property actually adjacent) was a signatory to the initial petition. In support of these propositions, appellants cite Tod v. Houston, supra, and City of Houston v. State, Tex.Civ.App., 171 S.W.2d 203. Upon writ of error granted in the latter case, same has been reversed and rendered by the Supreme Court, 176 S. W.2d 928; and in Tod v. Houston, supra, the annexation was expressly approved by the Commission of Appeals. On the other hand, we believe the following decisions fairly refute the contentions made: People v. City of Los Angeles, 154 Cal. 220, 97 P. 311; ·People ex rel. Winchel v. City of Los Angeles, 117 Cal.App. 321, 3 P.2d 1032; Sharp v. Oklahoma City, 181 Okl. 425, 74 P.2d 383; Village of Saranac Lake v. Gillispie, 261 App.Div. 854, 24 N.Y.S.2d 403. There is no requirement in the charter or statute that a petition for annexation be signed by electors residing on each part or parcel of the territory affected; People ex rel. Winchel v. City of Los Angeles, supra; Hewey v. Cudahy Packing Co., 8 Cir., 269 F. 21. Likewise, Bluff View Estates may be deemed "adjoining" or "adjacent" to existing boundaries of Dallas, within meaning of its charter and State law; Broun v. Texas & N. O.

R. Co., Tex.Civ.App., 295 S.W. 670; St. Paul, etc., Co. v. Lipsitz, Tex.Civ.App., 295 S.W. 343; McDaniel Bros. v. Wilson, Tex.Civ.App., 45 S.W.2d 293–297; 2 C. J.S., Adjoin, p. 1; 2 Words and Phrases, Perm.Ed., pp. 379–403.

Appellants complain of being denied a hearing while the ordinance was under consideration by the Council; asserting that they were present and protesting, "seeking a postponement of consideration for a succeeding meeting of the Council to afford these plaintiffs an opportunity to be heard, * * *." If this statement is to be understood as alleging denial of a hearing (and not a postponement), the obvious answer is that no such requirement appears in either charter or statute. State v. Waxahachie, 81 Tex. 626, 17 S.W. 348. The holding in City of West University Place v. State, Tex.Civ.App., 56 S.W.2d 1081, Syl. 4, apparently contra, was unnecessary to a determination of the issues before the Galveston Court, and upon facts entirely dissimilar; aside from being in conflict with State v. Waxahachie, supra, on the question of notice, which latter decision has not since then been "in any degree modified." City of Gladewater v. State, 138 Tex. 173, 157 S.W.2d 641, 643.

It is argued that Art. 1, Sec: 4, of the charter, reading in part, "or, as the case may be, by a majority of the legal voters residing on the land sought to be added," is vague, uncertain, unintelligible, hence void. We overrule the point. The quoted language is a common provision of municipal charters, Eastham v. Steinhagen, 111 Tex. 597, 243 S.W. 457, its clarity not having heretofore been questioned; meaning that an annexation may be consummated by consent of all the land owners, or by consent of a majority ·of the legal voters in the proposed area; a legal voter being a person qualified by Constitution and laws of the state to vote at an election. 29 C.J.S., Elections, § 1, p. 18; see, also, Wright v. Lee, 125 N.J.L. 256, 15 A.2d 610; State ex rel. Smith v. Village of McKinley, 132 Minn. 48, 155 N.W. 1064. As observed by counsel for appellee, the wording was plainly designed to take care of (1) uninhabited lands by consent of landowners, or (2) inhabited lands, by majority consent of the legal voters resident thereon.

The judgment under review is hereby affirmed.

Affirmed.