WICHITA COMMON SCHOOL DIST. NO. 11 et al. v. DICKENS INDEPENDENT SCHOOL DIST. OF DICKENS COUNTY et al.

No. 5822.

Court of Civil Appeals of Texas. Amarillo.,
Oct. 13, 1947.

Rehearing Denied Nov. 17, 1947.

Crenshaw, Dupree, Milam & Crenshaw, of Lubbock, for appellants.

Lindsey, Smith & Brock, of Lubbock, and E. H. Boedeker, of Dickens, for appellees.

STOKES, Justice.

This suit was instituted by the appellee, Dickens Independent School District of Dickens County, against the appellees, the County Board of School Trustees, the Commissioner's Court of Dickens County, and the appellants, Patton Springs Consolidated Common School District No. 22 and Wichita Common School District No. 11 of Dickens County. The purpose of the suit was to obtain a declaratory judgment as to the validity of an election held in the Wichita and Patton Springs Common School Districts to determine whether or not the districts should be consolidated under the provisions of Article 2806, Vernon's Annotated Civil Statutes.

The record shows that, under an order entered by the county judge and the provisions of Art. 2806, elections were held in the Wichita and Patton Springs districts on the 22nd of March, 1947, and that a majority of the qualified electors in each district voted in favor of consolidating the two districts. By authority of an order

entered by the County Board of School Trustees of Dickens County on the 28th of February, 1947, an election was held in the Wichita Common School District and the Dickens Independent School District to determine whether or not those two districts should be grouped and formed into a rural high school district, and a majority of the qualified electors in those two districts voted in favor of the proposition to group them under the provisions of Articles 2922a and 2922c.

The case was submitted to the court without the intervention of a jury and resulted in a judgment declaring the election called by the County Judge of Dickens County to determine the question of consolidation of the Wichita and Patton Springs districts to be void and of no effect, and decreeing as valid the grouping of the Wichita Common School District with the Dickens Independent School District in accordance with the majority vote in the election of March 29, 1947, authorized by the order of the County Board of School Trustees of Dickens County. The Wichita and Patton Springs Common School Districts duly excepted, gave notice of appeal and have perfected their appeal to this court.

The case is presented here upon a single assignment of error in which appellants contend the court erred in holding the order of the county judge ordering the election for the consolidation of the Wichita Common School District No. 11 and the Patton Springs Consolidated Common School District No. 22 to be void because, they say, the order of the county judge calling the election and the proceedings observed in accomplishing it had precedence in jurisdiction over the action of the County Board of School Trustees of Dickens County, and the election upon consolidation of March 22nd was therefore valid.

The assignment of error and contentions of the parties resolve the entire controversy into the question of jurisdiction, appellants contending that jurisdiction to institute and conduct the election upon the question of consolidating the two common school districts was acquired on February 27, 1947,

when a petition was presented to the county judge by twenty legally qualified voters in each district requesting that an election be called in the two districts to determine whether or not they should be consolidated; while appellees contend that no jurisdiction to call the election attached until the county judge entered an order calling the same which was the afternoon of February 28, 1947. On the morning of February 28, the County Board of School Trustees of Dickens County adopted a resolution calling the election to determine the question of grouping the Wichita district with the Dickens Independent district and their contention is that the resolution, having been adopted prior to the time the county judge entered his order in the afternoon of the same day, the jurisdiction of the county board had already attached when the county judge's order was entered.

The record shows that, about noon on February 27, 1947, a petition signed by more than twenty qualified electors of each the Wichita district and the Patton Springs district was presented to the County Judge of Dickens County in which he was requested to issue the necessary order for an election to be held in the two districts for the purpose of determining whether or not the two common school districts should be consolidated for school purposes. The county judge accepted the petition and immediately instituted an investigation to determine whether or not it complied with the law and the signers were legally qualified voters. He did not complete the investigation until the next day and about three o'clock that afternoon, when he became satisfied the petition met the requirements of the law, he entered an order calling the election in the two districts for March 22, 1947. Shortly before noon on February 28, 1947, the county board of school trustees convened in a called session and entered an order calling an election for March 29, 1947, in the Wichita Common School District and the Dickens Independent School District to determine whether or not the two districts should be grouped under the provisions of Articles 2922a and 2922c. Both of the elections called for by the two orders were duly held and both of them re-

sulted in majority votes for consolidation under Article 2806 and for grouping under the provisions of Articles 2922a and 2922c.

The record shows that the combined area embraced by the Dickens Independent School District and the Wichita Common School District is greater than 100 square miles. Under Article 2922a the County Board of School Trustees of Dickens County had authority to form the high school district comprising the independent district and the Wichita Common School District but, since the combined area is greater than 100 square miles, an election was necessary and the board had authority under Article 2922c to call the election for March 29, 1947. Under Article 2806 the County Judge of Dickens County had authority to call the election for March 22, 1947, upon the petition of twenty qualified voters of each the Wichita Common School District and the Patton Springs Common School District. The county judge and the County Board of School Trustees of Dickens County were therefore co-ordinate bodies, and it is settled law in this state that the tribunal which first acquires jurisdiction of a matter over which another tribunal has co-ordinate jurisdiction retains the jurisdiction so acquired and no co-ordinate tribunal has any right to interfere with it. State ex rel. George v. Baker, 120 Tex. 307, 40 S.W.2d 41; Lynn County School Board v. Garlynn Common County Line School Dist., Tex.Civ.App., 118 S.W.2d 1070.

It is the universal rule as far as we can ascertain that, as between courts of co-ordinate jurisdiction, the court first acquiring jurisdiction has the right to retain it until it has completely disposed of all matters and issues involved and, in the Baker case, supra, the Supreme Court held that the same rule applies to school authorities. If the County Judge of Dickens County acquired jurisdiction of the subject matter on February 27, 1947, when the petition requesting him to call the election of March 22, 1947, was presented to him, therefor, appellants are correct in their contention that the election was valid and the Wichita and Patton Springs Common School Districts were legally consolidated. Appellees

contend, however, that the county judge did not acquire jurisdiction until he entered the order, which was several hours after the county board of school trustees adopted its resolution and entered its order calling the election for March 29th. These divergent contentions present the question of what constitutes the institution of proceedings such as those involved in this case, and when does jurisdiction attach? We have not been cited to any authority directly in point nor have we been able to find any, but it is well settled in this state, and also in many other jurisdictions, that, in court proceedings, and proceedings before other tribunals, not sua sponte, but having authority to decide or adjudicate questions brought before them by proper petition or complaint, jurisdiction attaches upon the filing of the petition or such other pleadings or documents as are necessary legally to institute the proceedings. In the case of Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1069, it was said by Chief Justice Cureton, speaking for the Supreme Court, that "jurisdiction is power to hear and determine the matter in controversy according to established rules of law * * *. When suit was filed in the Johnson county district court, the jurisdiction of that court attached." The act of filing a suit is performed by bringing before the court a statement, usually in writing, containing the elements of the grievance of which the person instituting the suit complains. It consists of delivering to the proper officer a statement, paper or document setting forth the details of the complaint which constitutes the cause of action. It is filed when it is delivered to the proper officer and by him received to be kept on file. City of Dallas v. Beeman, 18 Tex.Civ.App. 335, 45 S.W. 626; Mesquite Independent School Dist. v. Gross, 123 Tex. 49, 67 S.W.2d 242; Grand Lodge of the Order of the Sons of Hermann in the State of Texas v. Curry, Tex.Civ.App., 108 S.W.2d 574; Zavala-Dimmitt Counties Water Improvement Dist. No. 1 v. Hays, Tex.Civ.App., 128 S. W.2d 535; Peterson v. Taylor, 15 Ga. 483, 60 Am.Dec. 705; Meridian Nat. Bank v. Hoyt & Bros. Co., 74 Miss. 221, 21 So. 12, 36 L.R.A. 796, 60 Am.St.Rep. 504.

In the Mesquite Independent School District case, supra [123 Tex. 49, 67 S.W. 2d 246], our Supreme Court definitely applied the rule to school boards and in discussing the question of jurisdiction it said, "The plain words of the statute limit the potential jurisdiction of the school board to instances where it is presented with the statutory petition. If the statutory petition is absent, the jurisdiction of the board is utterly lacking. In other words, unless and until the board is presented with the statutory petition, it has no jurisdiction in the premises."

An examination of the other cases cited will reveal that the same rule was applied to Water Improvement Districts where their boards of directors had before them the question of annexation of adjacent lands. It is our opinion, therefore, that the County Judge of Dickens County acquired jurisdiction to call the election of March 22, 1947, shortly before noon of February 27, 1947, and that he had the right and authority to conduct such investigation as he deemed necessary to satisfy himself that the petition was legal in form and that it had been signed by the requisite number of qualified voters. In doing this he was authorized to ascertain whether or not those who signed the petition were qualified electors of the respective districts, and he was authorized to delay calling the election until his investigation was completed. It is conceded by appellees that the petition presented to the county judge was in legal form and that those who signed it were legally qualified electors of the respective districts. The county judge was therefore presented with a legal petition and under the authorities above cited, his jurisdiction attached the moment it was presented to and accepted by him.

It is true that the county board of school trustees had jurisdiction over the same subject matter. If the petiton had not been presented to the county judge before the county board adopted its resolution and called the election for March 29, 1947, the board would have been legally authorized to adopt the resolution and call the election; but its jurisdiction was co-ordinate with that of the county judge and it had no right to interfere with the jurisdiction acquired by him on the day before the board entered its order.

From what we have said, it is clear that, in our opinion, the order entered by the County Judge of Dickens County was a valid and legal order and the election called by him and held in the Wichita and Patton Springs Common School Districts on the 22nd of March, 1947, was a valid election and resulted in the consolidation of those two school districts. It is our further conclusion that the County Board of School Trustees of Dickens County was without authority to call the election of March 29, 1947, and the election was, therefore, void and of no effect. As a result of the legal election in the two common school districts, the Wichita Common School District and the Patton Springs Common School District are now consolidated and constitute one common school district. The judgment of the court below will, therefore, be reversed and judgment here rendered for the appellants.