**Kurt VON QUINTUS, Appellant,**

v.

**TRAVIS COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT #12,**
Appellee.

No. 11530.

Court of Civil Appeals of Texas.

Austin.

Sept. 20, 1967.

Rehearing Denied Oct. 11, 1967.

J. Hubert Lee, Austin, for appellant.

H. Gates Steen, Austin, for appellee.

HUGHES, Justice.

This is a tax suit. Kurt Von Quintus, appellant, appeals from a judgment in favor of Travis County Water Control and Improvement District No. 12 for delinquent taxes, penalties and interest in the sum of $1,514.21 against 97.01 acres of land and establishing and foreclosing a lien on such land.

The land involved was not originally within the limits of the District. This land consists of two tracts, one of fifty acres and the other of about the same size. These tracts were brought in, or attempted

to be brought into the District by separate petitions.

Appellant concedes that the 50 acre tract, being the easterly or northerly one-half of Lot 11 of the Eggleston, Goldbeck and Seeling Survey Subdivision of the Jacob Betts Survey in Travis County was properly annexed to the District. He denies that the remainder of the 97.01 tract was properly annexed to the District for the reason that neither the petition for annexation nor the order of annexation described the property to be annexed as required by statute.

Art. 7880–75, Vol. 21, Vernon's Ann.Tex. Civ.St. (Relating to Water Control and Improvement Districts) provides, in part:

"Art. 7880–75. Land added to district

Land may be added to a district and become a part thereof upon petition of the owner thereof in the following manner: The owner of the land shall file with the board of directors a petition praying that the lands described be added to and become a part of the established district. Said petition shall describe the land by metes and bounds and be signed and executed in the same manner provided by law for the conveyance of real estate."

The petition presented by appellant and his wife to the Board of Directors for the District for annexation of the tract in question reads in full:

"THE STATE OF TEXAS
COUNTY OF TRAVIS

TO THE BOARD OF DIRECTORS OF *Travis* COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. *12*.

I/We, the undersigned, being the owner of land situated in *Travis* County, Texas, and contiguous to *Travis County* Water Control and Improvement Dis-trict No. *12*, do hereby pray that the hereinafter described land be added to and become a part of said *Travis* County Water Control and Improvement District No. *12*, SAID land which I/We own and which I/We desire to be added to said District being described by metes and bounds as follows:

Beginning at a point on the South line of Lot. No. 15 of said subdivision being the N. W. Corner of Lot No. 11 of said subdivision of 1⁹⁄₁₀ varas from S. E. Corner of said Lot No. 15 and S. W. Corner of Lot No. 10 of said subdivision. Thence S. along the west line of said Lot No. 11 to its S. W. Corner and S. E. Corner of this survey a point in N. line of said lot No. 4, of said subdivision.

Thence W. along the N. line of said Lot No. 4; 368.1 varas to a point for S. W. Corner of this survey.

Thence at right angles on a line parallel with the E. and W. lines of said Lot No. 10; 766.8 varas to So. line of Lot No. 15.

Thence E. along So. line of Lot No. 15, —386.1 varas to place of beginning."

The order of annexation based on this petition contained the same description.

■ It is our opinion that the attempted annexation is void for want of an adequate description of the property to be annexed.

■ The subdivision referred to is not named, nor is there any reference to any other data from which a description could be derived. A metes and bounds description must have identifiable objects on the ground in order, of itself, to constitute a valid description. There are a maze of subdivisions in Travis County.

Mesquite Independent School District v. Gross, 123 Tex. 49, 67 S.W.2d 242, Tex. Com. of App., was a tax suit in which the Court held that certain territory sought

to be annexed to the school district was not sufficiently described "by metes and bounds," as quired by statute, where only abstract numbers, certificate numbers, number of acres and names of surveys were given. The Court stated:

"When we come to examine the petition for annexation in the present case, we find that it fails to meet the statutory requirement that it fully describe by metes and bounds the territory sought to be annexed. A reading of the certificate thoroughly demonstrates this. Such being the case, the board was without potential jurisdiction to make the order of annexation. This being the case, the board acted without color of authority. Since the board acted without color of authority, and without potential jurisdiction, its order was and is utterly void, and subject to collateral attack. Since the order was and is utterly void and subject to collateral attack, it could not possibly be made valid by any act of the taxpayer."

See State v. City of La Porte, 386 S. W.2d 782, Texas Supreme Court.

Appellee contends that we should consider another petition for annexation filed by Mr. and Mrs. Von Quintus on the same day as the petition we are considering was filed in aid of the description which we have held inadequate.

There are no cross references in either petition.

■ We are aware of the rule that all instruments executed at about the same time relating to one transaction may be looked to and considered together. This rule is inapplicable here. We are concerned with a statute, which if not complied with in the respects indicated, renders void the attempted annexation.

■ Since it appears that appellant has been assessed taxes on the basis of his ownership of 97.01 acres of land in the District rather than 50 acres, it is apparent that the assessment is invalid, and this case must be reversed and remanded as to the 50 acres which are taxable by the District. The trial court may allow a reasonable time for a reassessment by the District or it may dismiss this suit without prejudice as to such 50 acres.

If this case should be retried, we make these suggestions:

■ Delinquent tax notices introduced in evidence are not sufficient to constitute prima facie evidence of the regularity of proceedings in tax matters under Art. 7336, Vol. 20, V.T.C.S. There must be introduced in evidence either the delinquent tax list or the rolls and books on file in the tax office.

■ In order that a recorded deed or other recorded instrument be considered as evidence in court the court must be advised of the contents of such instruments in some manner provided by law.

We reverse the judgment of the trial court and render judgment that appellee take nothing by its suit insofar as its suit for taxes against any property other than the 50 acres in Lot 11, supra, is concerned, and that as to such acreage this cause is reversed and remanded.

Reversed and rendered in part, reversed and remanded in part.