August 26, 2010

The Honorable Garnet F. Coleman
Chair, Committee on County Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0793

Re: Whether a school district may access and use
a county's right-of-way to install fiber optic cable
(RQ-0818-GA)

Dear Representative Coleman:

You state that the Weslaco Independent School District (the "WISD") is providing fiber optic connectivity to all campuses and administrative offices within the district.[1] All WISD campuses and offices within the City of Weslaco's boundaries are connected, but the campuses located in Weslaco's extraterritorial jurisdiction (ETJ)[2] are not. Request Letter at 1. The city's ETJ is located in Hidalgo County, and the county has refused WISD's request for access to the rights-of-way of county roads to install fiber-optic cable, claiming that it does not have authority to grant the school district such access.[3] Id. You ask whether a school district has authority to access and use a county's right-of-way to install fiber-optic cable to serve all schools in the district. Id. The brief submitted by WISD maintains that the school district is entitled to access the county right-of-way for this purpose. See WISD Brief at 3–4 (referring to "WISD's right to access" the county road right-of-way). It also assumes that it will not pay the county for use of its road rights-of-way. See WISD Brief at 2–3 (stating that if the district has access to the right-of-way, its only expenditure would be the one-time cost of installing the fiber-optic cable). We accordingly consider whether a school district is entitled to access the county road right-of-way to install fiber-optic cable.

An independent school district possesses only those powers expressly conferred on it by law or implied as a necessary incident to the powers expressly given. See Mesquite Indep. Sch. Dist. v. Gross, 67 S.W.2d 242, 245 (Tex. 1934); Harlingen Indep. Sch. Dist. v. C.H. Page & Bro., 48 S.W.2d

---

[1]Request Letter at 1 (available at http://www.texasattorneygeneral.gov).

[2]See TEX. LOC. GOV'T CODE ANN. § 42.021(a) (Vernon 2008) (describing extraterritorial jurisdiction).

[3]The term "right-of-way" is sometimes used to mean a party's right to pass over a tract of land, and it is also used to describe the strip of land on which a road is constructed. See Tex. Elec. Ry. Co. v. Neale, 252 S.W.2d 451, 454 (Tex. 1952) (addressing railroad right-of-way). In this request, "right-of-way" means the strip of land on which a road is constructed. See generally Request Letter; Brief from WISD at 3 (Oct. 9, 2009) (on file with the Opinion Committee) [hereinafter WISD Brief].

983, 986 (Tex. Comm'n App. 1932, judgm't adopted). The briefs submitted for this opinion request have not directed us to any Education Code provision expressly authorizing an independent school district to access and use a county's right-of-way to install fiber-optic cable and we have found none. Nor do we find such authority implied as necessary to expressly granted powers.

We next turn to statutes outside of the Education Code as a possible source of authority. A review of the statutes granting easements in public roads to certain entities indicates that such entitlement exists only when expressly authorized by the Legislature. *See generally Hill Farm, Inc. v. Hill County*, 436 S.W.2d 320, 323 (Tex. 1969) (stating that "responsible officials may, *within the limits of the power vested in them by the Legislature*, authorize the use of the [road] subsurface for sewers, pipelines and other methods of transmission and communication that serve the public interest") (emphasis added). For example, Utility Code section 181.082, first enacted in 1874,[4] provides that "[a] telephone or telegraph corporation may install a facility of the corporation along, on, or across a public road, a public street, or public water in a manner that does not inconvenience the public in the use of the road, street, or water." TEX. UTIL. CODE ANN. § 181.082 (Vernon 2007); *see also id.* § 181.081(1) (defining "facility"). The Legislature has adopted similar provisions for other entities. *See id.* §§ 181.005 (Vernon Supp. 2009) (gas corporation has the right to lay and maintain lines over and across a public road, subject to compliance with statutory conditions); 181.042 (Vernon 2007) ("An electric utility has the right to construct, maintain, and operate lines over, under, across, on, or along a state highway [and a] county road."); 181.102(a) ("person in the business of providing community antenna or cable television service to the public" in an unincorporated area may install and maintain "equipment through, under, along, across, or over a utility easement, a public road, an alley, or a body of public water"). Under Water Code chapter 49, "[a]ll districts[5] or water supply corporations are given rights-of-way within, along, under, and across all public, state, county, city, town, or village roads, highways, and rights-of-way." TEX. WATER CODE ANN. § 49.220 (Vernon 2008). The leading case addressing the rights granted under such statutes determined that a political subdivision could not deny a telephone company's right under a predecessor of section 181.082 to use public roads and streets. *See City of Brownwood v. Brown Tel. & Tel. Co.*, 157 S.W. 1163, 1165 (Tex. 1913). *See also Harlingen Irrigation Dist. Cameron County No. 1 v. Caprock Commc'n Corp.*, 49 S.W.3d 520, 524, 530 (Tex. App.—Corpus Christi 2001, pet. denied) (citing *City of Brownwood* for telephone company's right under Utilities Code section 181.082 to install underground fiber optic cable along a public roadway). There is no similar provision for school districts.

The absence of an express provision granting school districts the right to use public road rights-of-way is particularly significant because Texas courts have strictly construed statutes authorizing corporations to place fixtures in a public road right-of-way. Where a statute authorized

---

[4]*See* An Act Concerning Private Corporations, 14th Leg., R.S., ch. XCVII, § 51, 1874 Tex. Gen. Laws 120, 132 (authorizing telegraph companies to place fixtures "along, upon and across any of the public roads, streets, and waters of this State") (earliest predecessor of Utility Code section 181.082).

[5]For purposes of this Water Code provision, "'[d]istrict' means any district or authority created by authority of either Sections 52(b)(1) and (2), Article III, or Section 59, Article XVI, Texas Constitution," subject to specific exceptions. TEX. WATER CODE ANN. § 49.001(a)(1) (Vernon 2008).

an electric power corporation to place lines "across" public roads, the Texas Supreme Court determined that the statute did not authorize the corporation to place lines "along" the roads. *See Inc. Town of Hempstead v. Gulf States Utils. Co.*, 206 S.W.2d 227, 230 (Tex. 1947) (addressing predecessor of Utilities Code section 181.042). Another judicial decision determined that a mining company, which was not chartered to construct and maintain telecommunications lines, could not place its private telephone lines over public highways. *See Acme Cement Plaster Co. v. Am. Cement Plaster Co.*, 167 S.W. 183, 184–85 (Tex. Civ. App.—Amarillo 1914, no writ). The court stated that the predecessor of section 181.082 authorized only telephone corporations to place telephone lines over public highways, and any other entity that did so should be treated as a trespasser. *Id.* at 184 (quoting *Roaring Springs Town-site Co. v. Paducah Tel. Co.*, 164 S. W. 50, 53 (Tex. Civ. App.—Amarillo 1914), *aff'd*, 212 S.W. 147 (Tex. 1919)). These judicial decisions indicate that an entity is not entitled to place its communication equipment in a county road right-of-way absent express statutory authority. Because school districts lack such express statutory authority, the WISD is not entitled to access a county road right-of-way to install fiber-optic cable in the right-of-way. A school district is, however, not necessarily foreclosed from acquiring an easement in the county right-of-way for the purpose of installing fiber optic cable. *See* TEX. LOC. GOV'T CODE ANN. § 272.001(a), (b)(5) (Vernon 2005).

## S U M M A R Y

Because no statute grants school districts the right to access and use county road rights-of-way to install fiber-optic cable, a school district is not entitled to use county road rights-of-way for that purpose.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee