ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

August 17, 2012

The Honorable R. Lowell Thompson
Navarro County Criminal District Attorney
300 West 3rd Avenue, Suite 203
Corsicana, Texas 75110

Opinion No. GA-0962

Re: Whether section 38.007 of the Texas Education Code, section 109.33 of the Texas Alcoholic Beverage Code, and the home-rule provision of the Texas Constitution authorize a home-rule municipality with a population of less than 900,000 to enact an ordinance prohibiting the sale of alcoholic beverages within 1,000 feet of a public school  (RQ-1057-GA)

Dear Mr. Thompson:

You ask whether section 38.007 of the Texas Education Code, section 109.33 of the Texas Alcoholic Beverage Code, and the home-rule provision of the Texas Constitution authorize a home-rule municipality with a population of less than 900,000 to enact an ordinance prohibiting the sale of alcoholic beverages within 1,000 feet of a public school.[1]

Home-rule municipalities derive their powers from the home-rule provision of the Texas Constitution, not from the Legislature. *City of Galveston v. State*, 217 S.W.3d 466, 469 & n.8 (Tex. 2007) (citing TEX. CONST. art. XI, § 5). However, the Legislature may expressly or implicitly limit a home-rule municipality's authority to promulgate particular kinds of ordinances. *Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 644–47 (Tex. 1975). The Legislature has enacted a general limitation with respect to the regulation of alcoholic beverages, clearly stating that the Alcoholic Beverage Code "shall exclusively govern the regulation of alcoholic beverages in this state." TEX. ALCO. BEV. CODE ANN. § 109.57(b) (West Supp. 2011). In addition to this general limitation, the code also specifically limits the authority of governmental entities—such as home-rule municipalities—to regulate alcoholic beverages. *See id.* § 109.57(a) (stating that "[e]xcept as is expressly authorized by this code, a regulation, charter, or ordinance promulgated by a governmental entity of this state may not impose stricter standards on premises or businesses required to have a license or permit under this code than are imposed on similar premises or businesses that are not required to have such a license or permit"). The Supreme Court of Texas has explained that the

---

[1]Letter from Honorable R. Lowell Thompson, Navarro Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 2 (Apr. 23, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

Alcoholic Beverage Code "clearly preempts an ordinance of a home-rule city that regulates where alcoholic beverages are sold under most circumstances." *Dallas Merchs. & Concessionaire's Ass'n v. City of Dallas*, 852 S.W.2d 489, 492 (Tex. 1993). Consequently, a home-rule city's authority to regulate where alcoholic beverages may be sold must be found in the Alcoholic Beverage Code. *See id.* at 492–94.

We recently examined municipal authority to promulgate certain distance requirements under section 109.33 of the Alcoholic Beverage Code. Tex. Att'y Gen. Op. No. GA-0942 (2012); TEX. ALCO. BEV. CODE ANN. § 109.33 (West 2007). Subsection (a)(1) generally authorizes a municipal governing body to enact regulations prohibiting the sale of alcoholic beverages by a dealer whose place of business is within 300 feet of a public school. TEX. ALCO. BEV. CODE ANN. § 109.33(a)(1) (West 2007). Subsection (a)(2) generally grants a municipal governing body authority to prohibit such sales within 1,000 feet of a public school "if . . . the governing body receives a request from the board of trustees of a school district under Section 38.007, Education Code." *Id.* § 109.33(a)(2). The Alcoholic Beverage Code does not authorize a municipality, including a home-rule municipality, to enact an ordinance prohibiting such sales within a 1,000-foot zone under any other circumstances. *See id.*

Section 38.007 of the Education Code directs school districts to "attempt to provide a safe alcohol-free environment to students coming to or going from school." TEX. EDUC. CODE ANN. § 38.007(b) (West 2006). Section 38.007(b) authorizes a school district to cooperate in the enforcement of a criminal statute prohibiting the consumption of alcohol or possession of open containers within 1,000 feet of a public or private school, as well as distance restrictions in section 109.33(a)(2) of the Alcoholic Beverage Code. *Id.* Subsection 38.007(b) continues:

> Additionally, the board, *if a majority of the area of a district is located in a municipality with a population of 900,000 or more*, may petition the commissioners court of the county in which the district is located or the governing board of an incorporated city or town in which the district is located to adopt a 1,000-foot zone under Section 109.33, Alcoholic Beverage Code.

*Id.* (emphasis added).

School district authority is limited to powers expressly granted or necessarily implied. *See Mesquite Indep. Sch. Dist. v. Gross*, 67 S.W.2d 242, 245 (Tex. 1934). No statute authorizes a school district to request a 1,000-foot zone under section 109.33 of the Alcoholic Beverage Code, unless "a majority of the area of a district is located in a municipality with a population of 900,000 or more." TEX. EDUC. CODE ANN. § 38.007(b) (West 2006). And without a request from such a school district, a municipality—including a home-rule municipality—does not have the authority to enact an ordinance prohibiting the sale of alcoholic beverages within 1,000 feet of a public school under section 109.33(a)(2) of the Alcoholic Beverage Code. *See id.*; TEX. ALCO. BEV. CODE ANN. § 109.33(a)(2) (West 2007).

## S U M M A R Y

The Texas Alcoholic Beverage Code does not authorize a home-rule municipality to enact an ordinance prohibiting the sale of alcoholic beverages by a dealer whose place of business is within 1,000 feet of a public school unless the municipality has received a petition from a school board of a district principally located in a municipality with a population of 900,000 or more.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee